## DOYLE v. DOYLE.                    { Mar. 21, 1876.

*Auditor—Investigation of Accounts.*

Where the plaintiff's specification was a statement of several items in the form of an account—*Held*, that the case was proper to be sent to an auditor, and that the trial of such a case required an investigation of accounts.

CHESHIRE COUNTY.

\* ASSUMPSIT. The plaintiff's specification was as follows: " This action is brought to recover the sum of $667, for so much money had and received of the plaintiff by the defendant, at different times between January 6, 1860, and October 16, 1866, which amount the defendant promised to repay with interest, viz.,—

| Received of the plaintiff, on or about | | |
|---|---|---|
| | April 6, 1860, | $19.50 |
| | July 6, 1860, | 19.50 |
| | October 6, 1860, | 19.50 |
| | January 6, 1861, | 19.50 |
| | April 6, 1861, | 22.75 |
| | July 6, 1861, | 22.75 |
| | October 6, 1861, | 22.75 |
| | January 6, 1862, | 22.75 |
| | April 6, 1862, | 26.00 |
| | July 6, 1862, | 26.00 |
| | October 6, 1862, | 26.00 |
| | January 6, 1863, | 26.00 |
| | April 6, 1863, | 26.00 |
| | July 6, 1863, | 26.00 |
| | October 6, 1863, | 26.00 |
| | January 6, 1864, | 26.00 |
| | April 6, 1864, | 26.00 |
| | July 6, 1864, | 26.00 |
| | October 6, 1864, | 26.00 |
| | January 6, 1865, | 26.00 |
| | April 6, 1865, | 26.00 |
| | July 6, 1865, | 26.00 |
| | October 6, 1865, | 26.00 |
| | January 1, 1866, | 26.00 |
| | April 1, 1866, | 27.00 |
| | July 1, 1866, | 27.00 |
| | October 15, 1866, | 28.00 |
| | | $669.00 |

\* LADD, J., having presided at the trial, did not sit.

| | |
|---|---:|
| Amount received of plaintiff, brought forward, | $669.00 |
| Also for interest on the above to date of plaintiff's writ, . . . . . . . . . . | 350.00 |
| Also for labor rendered by the plaintiff to the defendant, at his request, from October 15, 1866, to December 31, 1869—168 weeks, . . . . | 326.00 |
| With interest on the same to date of plaintiff's writ, | 60.00 |
| Whole amount claimed, . . . . . . | $1,403.00 " |

At the April term, 1874, the cause was sent, against the objections of the defendant's counsel, to an auditor, who made report as follows:

| | |
|---|---:|
| " I allow the plaintiff the full amount of money charged in her specification, filed herewith, viz., . . . | $667.00 |
| Also interest on the same from December 1, 1869, to October 3, 1873, . . . . . . | 153.63 |
| I also allow the plaintiff for labor and services charged in her specification, in part, to wit:— | |
| For labor and services, 116 weeks, . . . . | 232.00 |
| Also interest on same from December 1, 1869, to October 3, 1873, . . . . . . . | 53.43 |
| | $1,106.06 |
| In set-off, I disallow the defendant the whole amount charged in his specification, filed herewith, being . | $600.00 " |

It was admitted that no original books of account, and no vouchers or original writings of any kind, were produced or used before the auditor, and at the trial the defendant withdrew all claim by way of set-off.

The plaintiff offered the report of the auditor in evidence, and the defendant objected to its admission, (1) because there were no accounts to be investigated or vouchers to be examined, within the meaning of the statute, and that therefore the case was improperly sent to an auditor; (2) because the law making the auditor's report evidence to the jury is unconstitutional. The court overruled both objections, and admitted the report, and the defendant excepted.

Case transferred by LADD, J.

*Albee*, for the plaintiff.

*Hardy*, for the defendant.

CUSHING, C. J. It is objected that this case was improperly sent to an auditor because there were no accounts to be investigated or vouchers to be examined. I do not. see any evidence of any vouchers in the case, but the specification and set-off were clearly accounts. I do not understand that the statute requires that there should be books of account to investigate. I suppose that whenever there have been money

transactions or dealings, any writing on which the items of those dealings are specified is an account, and that any examination of the merits and correctness of such an account is an investigation of accounts. My recollection of the practice at *nisi prius* is, that when the plaintiff's specification or the defendant's set-off is such an account, either would bring the case within the rule. I think here was plainly to be had an investigation of accounts; and the exception must be overruled.

The constitutionality of the statute relating to auditors was affirmed in *Perkins* v. *Scott, post,* decided at this term.

RAND, J., C. C. 1. The law authorizes the appointment of an auditor " when an investigation of accounts or an examination of vouchers is necessary." The statute is in the alternative. A statement of various sums of money alleged to have been received of the plaintiff by the defendant at different times, and of labor alleged to have been performed by the plaintiff for the defendant, and also of items of interest due upon the money and labor, may properly enough be denominated an account;—and when the object of the suit is to ascertain whether the charges for money and labor and interest are correct or incorrect, the suit must be regarded as one involving an investigation of accounts.

2. In my judgment, it is too late to question in New Hampshire the constitutionality of the law authorizing the appointment of auditors.

SMITH, J., concurred.

*Exceptions overruled.*