HOWE, *Ap't*, v. DAY, *Adm'r.*

An action on the common counts for labor and services and for money expended, when the specification contains several items of account, may be referred to an auditor ; and the auditor's report is evidence on a trial by jury.

The reasonable value of labor and services performed and support furnished, under a parol agreement to convey land in payment for the services and support which had failed, may be recovered in assumpsit.

APPEAL, from the commissioner of insolvency on the estate represented by the defendant. The plaintiff and his wife lived with, took care of, and supported the deceased until his death, under a verbal agreement with him that he would devise or convey to the wife his homestead and personal estate, and to the plaintiff his wood-lot. He devised the homestead and personal estate to the wife, but did not devise or convey his wood-lot to the plaintiff. The declaration contained the common counts for labor and services, money paid, and goods sold, and a count for taking care of and boarding the deceased, under a special contract. The specification contained numerous items of charges for labor, money paid, and board furnished. The case was heard by an auditor ; and the auditor's report was read in evidence at the trial, against the objection of the defendant that the case was not a proper one to be committed to an auditor. The defendant's motion for a nonsuit, on the ground that the plaintiff's claim was for unliquidated damages for the breach of a special verbal contract to convey land, was denied, and the defendant excepted. Verdict for the plaintiff, and motion by the defendant for a new trial.

*Barnard*, for the plaintiff.

*Bartlett*, for the defendant.

ALLEN, J. The items of the specification made an investigation of accounts necessary. The action was properly sent to an auditor, and

the auditor's report was evidence for a jury. *Doyle* v. *Doyle*, 56 N. H. 567.

No action at law could be maintained on the special contract to convey land, which was not in writing and was within the statute of frauds; but the plaintiff was entitled to recover for the money expended, and what the labor and services performed under the contract were reasonably worth. *Ham* v. *Goodrich*, 37 N. H. 185.

*Judgment on the verdict.*

SMITH, J., did not sit : the others concurred.