CORLISS *v.* THE WORCESTER, NASHUA & ROCHESTER RAILROAD.

The damages that an administrator can recover under *c.* 35, *s.* 1, Laws of 1879, are not necessarily nominal, and may be assessed by the jury.

The ordinary grounds of damage in such a case are the expense of board, nursing, medical aid, compensation for loss of time, physical and mental pain, including such sum as the jury think ought to be given for distress and anxiety of mind in view of approaching death while in imminent danger from the injury received, and to the close of life.

CASE, for causing the death of the plaintiff's intestate by carelessly running upon him with an engine and train of cars while crossing the defendants' track with a horse and wagon in the highway.

The court ruled that nominal damages only could be recovered, and the plaintiff excepted.

*Henry B. Atherton*, for the plaintiff.

*C. H. Burns* and *A. F. Stevens*, for the defendants.

BINGHAM, J.  The court ruled that only nominal damages could be recovered.

At common law the cause of action died with the decedent, but by chapter thirty-five of the Laws of 1879, it survives to his administratrix, and she may have damages assessed if the liability of the defendant is established.  *Clark* v. *Manchester*, 62 N. H. ——; *Needham* v. *Railroad*, 38 Vt. 294, 302.

The ordinary grounds of damage in such cases are the expense of board, nursing, medical aid, compensation for loss of time, physical and mental pain, including such sum as the jury think ought to be given on account of distress or anxiety of mind experienced

in view of approaching death while in imminent danger from the injury received, and to the close of life.

Such damages are not necessarily nominal. What they should be depends upon the varying facts of each particular case, and are for the jury to assess, guided by the instructions of the court as to the law.

*Exception sustained.*

All concurred.