PETERS *v.* DICKINSON, *Adm'x.*

Part payment of the purchase-money alone is not such part performance of a verbal agreement to convey land as is required to take the case out of the statute of frauds.

BILL IN EQUITY, by a creditor of William R. Bullock, who has recovered judgment against him and levied on certain land as his, and now seeks to enforce an oral agreement of one Ansel Dickinson to convey the land to Bullock. Ansel Dickinson is dead, and the defendant is administratrix of his estate. The land was occupied by Bullock at the time of Ansel's purchase, and has been occupied by him ever since. Facts found by a referee.

*Hosea W. Brigham* and *Waterman, Martin & Hitt* (of Vermont),.
for the plaintiff.

*Batchelder & Faulkner* and *Don H. Woodward*, for the defend--
ant.

CLARK, J.   Bullock was living on the farm when Dickinson
bought it.   It was agreed between them that he might remain on
the place without paying rent; that he and his boys might cut
the lumber upon the farm, Dickinson furnishing what additional
help was needed, and paying bills incident to cutting and market--
ing the lumber, so far as the work was done by others than the
Bullock family; and that Dickinson would use or sell the lum-
ber, and give Bullock the privilege of buying the place by paying
an amount.that would make Dickinson whole.   It was an arrange-
ment to enable Bullock to purchase the farm for what it cost
Dickinson, and to pay for it by the labor of himself and his boys
in cutting and marketing the lumber.   Bullock and his sons pro--
ceeded to cut, and Dickinson furnished money as it was needed
for supplies, and sold the lumber, keeping an account of the
receipts and' expenditures on account of the farm and lumber
transactions until his death.   The amount due on the price of
the farm December 20, 1890, was $754.50.   Bullock made no
improvements upon the farm, and did nothing to change his posi-
tion except furnishing labor and a team to cut and draw a part
of the lumber, which was done as payment towards the purchase--
money of the farm.   He simply paid a part of the price of the
land; and mere part payment of the price did not entitle him to
a specific performance of the parol agreement for the sale of the
farm.   It is no answer to the statute of frauds pleaded by the
defendant.   *Ham* v. *Goodrich*, 33 N. H. 32.   It is immaterial that
the payment was made in labor.   Bullock had no attachable
interest in the land, and the plaintiff took nothing by his attach-
ment and levy.   If anything is due Bullock for labor, it can be
recovered in an action at law.   *Howe* v. *Day*, 58 N. H. 516.

                                        *Bill dismissed.*

ALLEN, J., did not sit: the others concurred.