Strafford, }
June, 1897. }

## PERKINS v. ROBERGE.

To what extent evidence upon collateral issues should be admitted to disparage the credibility of a witness, and how far a cross-examination may be carried for a like purpose, are questions of fact to be determined at the trial term.

ASSUMPSIT, to recover a balance claimed by the plaintiff to be due on a written contract. Trial by the court. Verdict for the plaintiff.

*Edgerly & Mathews*, for the plaintiff.

*W. S. & D. R. Pierce,* for the defendant.

WALLACE, J. The plaintiff agreed in writing with the defendant to build a baker's oven and furnace in a workmanlike manner, in accordance with a plan and specifications furnished by the defendant. The oven was built by the plaintiff in accordance with the contract. It did not work in a satisfactory manner on account of the fault of the plans. The failure of the oven to work in a satisfactory manner being attributable to the defects in the plans furnished by the defendant, and not to the failure of the plaintiff to perform his contract, he is entitled to recover the contract price for the performance of his undertaking.

The defendant on cross-examination, and subject to his exception, testified that he had put his real estate out of his hands before he went into the bakery business and about two months before the contract was made, and also that he had conveyed certain personal property to his wife since the making of the contract. Upon rebuttal, the plaintiff, subject to the defendant's exception, introduced a copy of the defendant's deed conveying away his real estate for the purpose of showing the date. The object of introducing the deed was to show that the defendant, being mistaken or untruthful as to its date, would be more likely to be unreliable in other particulars. This was contradicting him on a collateral issue. To what extent this should be carried for the purpose of disparaging the credibility of a witness, or how far the cross-examination of a witness should be allowed to go for a like purpose, are questions of fact to be determined at the trial term. *Gutterson* v. *Morse,* 58 N. H. 165; *Amoskeag Co.* v. *Head,* 59 N. H. 332; *Merrill* v. *Perkins,* 59 N. H. 343; *Perkins* v. *Towle,* 59 N. H. 583.

The plaintiff's counsel, after inquiring particularly as to the condition of the oven at a certain time and after counsel for the defence had protested that his inquiry upon this point had been clearly answered, remarked, "This is a pretty serious matter when a man testifies to what is not true in a matter of as great importance as this, and I don't want him or his counsel either to say that he did not understand the question," to which the defendant's counsel excepted. The remark of the plaintiff's counsel, although reprehensible, affords no ground for setting aside the verdict.

*Exceptions overruled.*

PIKE, J., did not sit: the others concurred.