Merrimack,   }
June 28, 1912. }

### FELLOWS & a. v. CHAMPION INTERNATIONAL CO.

A remark by counsel as to the authenticity of documentary evidence, made during the course of objection to its introduction, but not intended as an unsworn statement of fact nor calculated to have that effect, does not furnish cause for setting aside a verdict.

The extent to which evidence may be introduced upon collateral issues is a matter determinable by the trial court.

ASSUMPSIT, to recover for cutting and hauling 5,000 cords of pulp-wood. The quantity of wood delivered by the plaintiffs was the only matter in issue. Trial by the court. Transferred from the October term, 1911, of the superior court by *Pike*, J., on the plaintiffs' exceptions to a remark of the defendants' counsel and to the exclusion of certain evidence.

*Niles & Upton* and *Remick & Jackson* (*Mr. Upton* orally), for the plaintiffs.

*Elwin L. Page* and *Streeter, Demond & Woodworth* (*Frank J. Sulloway* orally), for the defendants.

YOUNG, J. The defendants' counsel, in objecting to the competency of a book, said: "I challenge this book as a book used in the regular course of business; I don't believe it." The plaintiffs contend that this remark was improper because it was an expression of

opinion; in other words, they contend that counsel was testifying. If that is true, or if the remark was calculated to give the court that impression, either because of its form or the circumstances under which it was made, it was improper; but if it was not calculated to give the court that impression, it was not improper merely because of its form. That is, the remark was all right unless it was calculated to give the court the impression that counsel was asking it to consider the fact that he thought the book was not one used in the ordinary course of business. It is clear that the remark was not calculated to give the court that impression, and there is nothing to show that it had that effect.

The second exception relates to the use the court made of the day-book and ledger in which the plaintiffs' accounts with their choppers and teamsters (not the defendants) were kept. They were permitted to use those books to show the quantity of wood they paid for cutting and hauling, but the court excluded the details of the accounts with their different employees. The plaintiffs contend that this was error because these details were relevant to the issue of their good faith. If that is conceded, it does not help them; for their good faith was a collateral issue, and it rests with the court to determine when and how far it is profitable to investigate such issues.

The question, therefore, on this branch of the case is the same as that on an exception to the denial of a motion for a nonsuit or a directed verdict: whether there is any evidence to sustain the finding. Instead of there being no evidence to sustain the finding that it would be unprofitable to investigate the issue of the plaintiffs' good faith, there was no evidence which would warrant any other finding; for that they acted in good faith was not questioned, and the books were admitted in so far as they were relevant to the other matters in issue.

*Case discharged.*

All concurred.