Rockingham  }
June 27, 1914. }

JENNIE S. CAVERHILL, *Adm'x,* *v.* BOSTON & MAINE RAILROAD.

In an action brought under the federal employers' liability act to recover for the
death of a railroad employee, the fact that the injury in question resulted from
the negligence of fellow-servants is not a defence.

An argument of counsel which in effect urges the jury to consider the defendant's
financial ability in awarding damages exceeds the limits of legitimate advocacy,
and, in the absence of explicit withdrawal of the improper suggestion and a
finding that the trial was not rendered unfair, furnishes sufficient cause for
setting aside a verdict.

CASE, for negligently causing the death of the plaintiff's intestate,
Henry Caverhill, who was employed as a section man by the de-
fendants. Trial by jury and verdict for the plaintiff. Transferred
from the April term, 1913, of the superior court by *Young*, J., on
the defendants' exceptions to the denial of motions for a nonsuit
and the direction of a verdict in their favor and to remarks of the
plaintiff's counsel in closing argument.

The plaintiff relied upon the federal employers' liability act
(35 U. S. Stat. 65). Caverhill was struck and killed by one of two
trains which met and passed at the spot where he was at work.
If the engineer of either train had exercised ordinary care, the
accident would not have occurred. The exception to the argu-
ment is stated in the opinion.

*Eastman, Scammon & Gardner,* for the plaintiff.

*Kelley & Hatch* and *Page, Bartlett & Mitchell,* for the defendants.

PARSONS, C. J. By the federal statute whose application to the
case is understood to be conceded, the defendants, common carriers
by railroad, were made liable, "while engaging in commerce between
any of the several states, . . . to any person suffering injury
while he is employed by such carrier in such concern, or, in case
of the death of such employee, to his or her personal representative,
. . . such injury or death resulting in whole or in part from the
negligence of any of the officers, agents, or employees of such
carrier." 35 U. S. Stat., *p.* 65, *s.* 1.

There was evidence that the intestate's death was due to the

careless operation of the meeting trains by the engineers in charge of them. The federal act abolishes the defence of fellow-service; and whatever risks the deceased assumed as to the defendants' method of doing business, he did not assume the risk of injury from the negligence of another employee. For an injury so caused, the statute expressly makes the employer liable. There was therefore no error in the refusal to order a nonsuit or to direct a verdict because of the absence of evidence of negligence for which the defendants were bound to respond, as a cause of the injury. The contention that the deceased was not employed in commerce between the states has not been argued here, is understood to be abandoned, and has not been considered.

The argument of the plaintiff's counsel to the jury, that the verdict asked was not a very serious matter to the railroad, "taking from them a few coppers, . . . but it means a good deal to her," exceeded the limits of legitimate advocacy. Exception was duly taken. The statement, "That is another way of saying that money can never bring back her husband to her, . . . that is all I mean by it," was not a withdrawal of the intimation that the damages asked were a small amount to the defendants. Whatever the rule of damages may be, or to what extent that rule may differ from that prescribed by New Hampshire legislation (P. S., c. 191, s. 12), there is nothing in the federal statute making the defendants' ability to pay material upon the questions of liability or amount. It does not appear that evidence upon this point was admitted or offered. If offered, it would have been excluded as incompetent. The argument was plainly intended to mislead the jury and to lay before them facts which could not be in evidence.

Whether it was easy or difficult for the defendants to pay, whether the amount claimed was to them mere loose pocket-change, "a few coppers," or their entire estate, were matters foreign to the issues before the jury. The defendants protected their rights by the exception. It then rested with the plaintiff to explicitly withdraw the improper suggestion and to obtain a finding of fact from the trial court that the trial was not thereby rendered unfair. *Bullard* v. *Railroad*, 64 N. H. 27, 32; *Story* v. *Railroad*, 70 N. H. 364.

*Defendants' exception sustained: new trial granted.*

YOUNG, J., did not sit: the others concurred.