Rockingham, }
Nov. 4, 1914. }

### WALTER R. SANDERS v. BOSTON & MAINE RAILROAD.

In an action for personal injuries, the plaintiff's thoughts and feelings at the moment of the accident are competent to prove special mental suffering as an element of his damages.

It is within the limits of legitimate advocacy for counsel to positively state as a matter of fact an inference which may properly be drawn from the evidence.

A verdict cannot be set aside because of an interjected remark of counsel which is not found to have rendered the trial unfair and does not conclusively appear to have had that effect.

Where the evidence warrants the inference that the plaintiff in an action for personal injuries is popular in the community in which he lives and does business, that characteristic may properly be commented upon in argument, as bearing upon the question of damages.

CASE, for negligence, to recover for injuries sustained by the plaintiff, a physician, in a collision between the defendants' train and the carriage in which he was riding, at the Broadway crossing at Derry Depot. The *ad damnum* in the writ was $30,000. Trial by jury and verdict for the plaintiff for $15,000. Transferred from the January term, 1914, of the superior court by *Sawyer*, J., on the defendants' exceptions to the admission of evidence and to remarks of counsel in argument, which are stated in the opinion.

*Taggart, Burroughs, Wyman & McLane (Mr. Wyman* orally), for the plaintiff.

*Page, Bartlett & Mitchell* and *Kelley & Hatch (Mr. Mitchell* orally), for the defendants.

PLUMMER, J. The plaintiff was asked on direct examination what his feelings were when he saw the train about to smash into his carriage. He answered: "My first thought was, when I saw I could not escape in spite of my efforts, the horrible thought flashed into my mind, my wife and daughter; just the instant before I went unconscious, and after I tried my best to escape and found it impossible." The defendants asked to have this answer stricken out, and upon the refusal of the court to do so they excepted. The only ground of the exception was that the plaintiff's method of describing his mental suffering was improper. The defendants in

their brief and oral argument practically abandon the ground of their exception at the trial and take the position that the testimony is incompetent in substance. The defendants should be held to their exception as taken at the trial. It was that exception, based upon the ground stated above, which the trial court ruled upon. 1 Wig. Ev., *s.* 18. But considering the exception upon the grounds urged in the defendants' brief and oral argument, it cannot avail them.

If the negligence of the defendants caused the plaintiff mental suffering preceding the injury, he is entitled to compensation therefor. *Yeaton* v. *Railroad,* 73 N. H. 285; *Corliss* v. *Railroad,* 63 N. H. 404. It was therefore competent for the plaintiff to describe his mental feelings just as the accident took place; and the words he used to do so indicate that he thought he would be separated from his wife and daughter in an instant by death, to him a horrible thought, giving him great anguish of mind. The testimony describes the special mental suffering that the plaintiff experienced at the time of the collision and is competent. The cases cited by the defendants, in which evidence of mental suffering was excluded, are mostly those where plaintiffs experienced such suffering after the injury, in contemplating their own condition and situation, or the difficult and destitute position in which their families were placed, and are not like the case at bar.

The defendants' counsel, in arguing upon the subject of damages, urged the jury not to give a large verdict; and the plaintiff's counsel, in reply, urged a verdict for the full amount of the *ad damnum,* and then said: "Dr. Sanders can bring but one action to recover in this matter; and just suppose you bring in a small verdict, suppose, for instance, a verdict of $12,000 or $15,000." The defendants excepted and now claim that this was testimony and not argument, and say in substance that counsel should have stated what the evidence showed, etc. The objection cannot be sustained. Counsel was calling the attention of the jury to an inference which he claimed the evidence warranted, namely, that a verdict of $12,000 or $15,000 would be a small verdict in this case. He had a right to state it positively, as a matter of fact. In *Lord* v. *Railway,* 74 N. H. 295, the court said: "When in the course of argument counsel has occasion to direct the attention of the jury to an inference which may properly be drawn from the evidence, the conclusion may be positively stated as a matter of fact. . . . In such case, the question whether counsel has exceeded the limits

of legitimate advocacy is not to be determined by the form of his statement. The test is whether the inference which counsel asserts as a fact, or asks the jury to find, may properly be drawn from the evidence." If upon the evidence the jury could have found that $12,000 or $15,000 was a small verdict for the plaintiff, then the argument was proper. In view of the plaintiff's injuries, his pain and suffering therefrom, his earning capacity and the loss thereof, there can be no doubt that the jury might have found that $12,000 or $15,000 would be a small verdict. The remarks were statements of facts supported by evidence and were therefore proper. *Story* v. *Railroad*, 70 N. H. 364; *Leavitt* v. *Company*, 72 N. H. 290; *Seeton* v. *Dunbarton*, 73 N. H. 134.

Later in argument, exception was taken by the defendants to the following statement: "Now, if you bring in a verdict, you should not bring in a small verdict; for if you give him $30,000, the interest at four per cent is only $1,200 a year income." This is simply an illustrative argument to persuade the jury not to bring in a small verdict and is unobjectionable.

When the defendants' counsel excepted to the statement of the plaintiff's counsel last above quoted, associate counsel for the plaintiff said: "It begins to get home, does it?" The defendants excepted. While comments of this character are not to be encouraged and should not be indulged in, yet we cannot say, as a matter of law, that they rendered the trial unfair to the extent that there should be a new trial. *Guertin* v. *Hudson*, 71 N. H. 505; *Perkins* v. *Roberge*, 69 N. H. 171; *Gault* v. *Railroad*, 63 N. H. 356, 360, 361. The court in *Hoxie* v. *Walker*, 75 N. H. 308, 310, in referring to remarks between counsel, said: "They were made during the course of a heated trial; and if for any reason they were improper, or were spoken in an offensive manner, the presiding justice in the exercise of his discretionary power could have corrected any unfair influence they were calculated to produce in the minds of the jury." This statement applies with peculiar force to the present case and renders further discussion of this exception unnecessary.

The plaintiff's counsel also stated in argument: "He was a popular man, gentlemen; I don't care how many doctors there were in that little town of 5,000 people." The defendants seek to sustain their exception to this remark upon the grounds that there is no evidence warranting it, and that the popularity of the plaintiff cannot be argued before the jury on the question of damages. An examination of the evidence discloses that the plaintiff in his tes-

timony made use of popular and somewhat slangy words and phrases; he employed the speech of the street; his language would indicate that he is cheerful and good-natured, a likable, companionable, friendly man, who does not take life too seriously and would desire to be on good terms with every one. All of these qualities are the attributes of a popular man. In addition to the character of the testimony, the appearance of the plaintiff upon the stand, his manner and way of testifying, may have been evidence to show that the plaintiff was a popular man in the community in which he lived. Taking into account the character of the plaintiff's testimony, together with the evidence which his appearance upon the stand may have furnished, we cannot say that the statement of counsel was not warranted by the evidence. The defendants complain that counsel in making this statement was giving his personal knowledge of the plaintiff. There is no reason for such complaint. Counsel was stating as a fact the conclusion he drew from the evidence and the plaintiff's appearance, and there was no objection to the manner of making the statement. *Lord* v. *Railway, supra..*

The statement to the jury that the plaintiff was a popular man was not improper. Any argument warranted by the evidence that bears upon the question of damages is legitimate. The plaintiff's popularity as a man affected his earning capacity and was therefore material. It is intimated by the defendants that it would have been legitimate to have argued that the plaintiff was a popular physician if there had been evidence of it. Unquestionably that would have been so, and a stronger argument; but it does not follow that it was not also competent to state that the plaintiff was a popular man. Such a man has many friends and, if engaged in a profession, attracts business. Popularity is one of the elements of success. It is a matter of common knowledge that many professional men of very mediocre ability and attainments do a large and lucrative business by reason of their popularity; and there is no doubt that much of their business comes to them, not by virtue of their professional standing, but because they are popular men in the community.

The defendants have cited many cases to show that character evidence is not admissible on the question of damages. This is true, except in cases where character is directly in issue. We are not, however, considering evidence and argument bearing upon the character of the plaintiff, whether he is a moral man, but con-

cerning a distinguishing trait or characteristic of the man, affecting his earning capacity.

*Exceptions overruled.*

All concurred.