Hillsborough,  
May 4, 1915.

### JOSEPH LEMAY *v.* HONORE DEMERS.

Where there is no evidence concerning the defendant's financial condition, a statement in argument which in effect informs the jury that he is a person of slender means exceeds the limits of legitimate advocacy, and furnishes ground for setting aside the verdict unless the objectionable remarks are withdrawn, the jury are instructed not to consider them, and the presiding justice finds that the trial was not rendered unfair.

CASE, for negligence. Trial by jury and verdict for the defendant. Transferred from the September term, 1914, of the superior court by *Chamberlin,* J.

The action was brought to recover for injuries received in a collision between motor cycles operated by the plaintiff and the defendant. In closing argument the defendant's counsel used the following language: "I think I need say nothing more. The man was injured. We are not concerned in his injuries in this case outside of the sympathy we have for him, that anybody would have for him, in his injury. But when he comes to Honore Demers and says, 'Demers, out of your little estate I want the whole of it [at this point counsel for the plaintiff objected and claimed an exception] to the extent of what I claim in my writ,' or whatever he may say about that as to how much he wants, under those circumstances we say, when you come into court you must come with clean hands."

The *ad damnum* in the writ was $5,000. There was no evidence as to the amount of the defendant's estate, whether it was much

or little, or whether he had any property, except as might be inferred from the fact that he was a loom-fixer and ran a shop in the motor cycle and bicycle business in Manchester. In the charge to the jury no special reference to the exception was made. They were instructed in the usual way not to consider any unwarranted inferences drawn by counsel from the evidence, and that the fact that the parties were man against man made no difference. The defendant's counsel did not withdraw any part of the objectionable remarks, and the court did not instruct the jury to disregard them.

*Osgood & Osgood* (*Anson C. Osgood* orally), for the plaintiff.

*Jones, Warren, Wilson & Manning* (*Mr. Manning* orally), for the defendant.

PLUMMER, J. The natural tendency of the objectionable remarks was to arouse sympathy for the defendant and render the trial unfair. It was an improper attempt to get before the jury a statement of fact favorable to the defendant and prejudicial to the plaintiff, which was not in evidence and, if it had been offered, would have been excluded. The case is not to be distinguished from *Caverhill* v. *Railroad, ante,* 330, in which counsel for the plaintiff argued "that the verdict asked was not a very serious matter to the railroad, 'taking from them a few coppers, . . . but it means a good deal to her.'" This was held to exceed the limits of legitimate advocacy, and the court said: "The argument was plainly intended to mislead the jury and to lay before them facts which could not be in evidence. Whether it was easy or difficult for the defendants to pay, whether the amount claimed was to them mere loose pocket-change, 'a few coppers,' or their entire estate, were matters foreign to the issues before the jury." So in the case at bar, whether the defendant's estate was little or large, or whether it would take all of it to pay the verdict that the plaintiff might obtain, were matters in no way germane to the issues on trial. When exception was taken to the improper statement, it was incumbent upon the defendant to withdraw it, obtain an instruction to the jury not to consider it, and a finding of fact from the presiding justice that the trial was not rendered unfair thereby. *Bullard* v. *Railroad,* 64 N. H. 27, 32; *Story* v. *Railroad,* 70 N. H. 364. No such action

having been taken by the defendant, it cannot be said that the trial was not rendered unfair by the improper and prejudicial argument.

*Plaintiff's exception sustained: new trial granted.*

All concurred.