Hillsborough, }
May 1, 1917. }

OLIVIER GIRARD, *by her next friend* Alphée Picard *v.* BOSTON
& MAINE RAILROAD.

CORINNE LAVIGNE *v.* SAME.

If remarks of counsel, to which a general exception was taken, correctly state the law as to the abstract rights of the parties, it will not be inferred, in the absence of further exception, that the court failed to instruct the jury how to apply the principles stated or that erroneous use was made of them.

CASE, to recover for injuries from a collision upon a highway grade crossing of the defendant road. Trial by jury and verdicts for the plaintiffs.

Exception was taken to the following portion of the argument of counsel for the plaintiffs: "Let me call your attention in the first place to the fact that this was a public highway, and that these girls and this man, Barth, that they refer to, had just as good a right to be there that day as the Boston & Maine Railroad had, just exactly. They were exercising their rights as American citizens, gentlemen. They were on the public highway of Manchester, and although the Boston & Maine Railroad had a right to run its tracks over that crossing, that was not an exclusive right, and that did not mean that you and I and others might not go there, too, and travel up and down that street. We have not yet reached the point,—we may sometime,—but we have not yet reached the point where everybody has got to stand back when the Boston & Maine Railroad runs its trains. Not yet, I say, gentlemen. I say this: That Joseph Barth and Corinne Lavigne and Olivier Girard, each one of them, had just as good a right there. They were within their rights, everyone of them, and they had just as good a right to travel up and down that street, Silver street, that day, as the Boston & Maine Railroad had to run its trains over the crossing. It was a public highway, where the public, the traveling public, had a right to be. That is one circumstance." Transferred by *Pike*, C. J., from the September term, 1916, of the superior court.

*Taggart, Burroughs, Wyman & McLane* (*Mr. Wyman* orally), for the plaintiffs.

*Branch & Branch* (*Mr. Randolph W. Branch* orally), for the defendants.

PARSONS, C. J. The statement of counsel to which objection was taken was a correct statement of the law as to the abstract right of the parties. *Gahagan* v. *Railroad*, 70 N. H. 441, 443. Whether the law as to the care required to be exercised by the parties in the exercise of their common and equal right was correctly stated by counsel in argument does not appear. In the absence of further exception it cannot be inferred erroneous use was made of the abstract principle stated, or that the court failed to give such instructions as would enable the jury to apply the law. Counsel made no statement of fact and did not mis-state the law. The sentence to which special exception is taken, "We have not yet reached the point,—we may sometime,—but we have not yet reached the

point where everybody has got to stand back when the Boston & Maine railroad runs its trains," was a forceful statement of the legal proposition that a highway traveler is not necessarily in fault who is on a grade crossing, when the railroad attempts to occupy it.

If for any reason developed in the course of the trial the form of expression used appeared likely unfairly to influence the jury, the presiding justice could have corrected such tendency. *Sanders* v. *Railroad*, 77 N. H. 381, 383; *Hoxie* v. *Walker*, 75 N. H. 308, 310. It cannot be held as matter of law that the expression created such a prejudice or so called attention to existing prejudices as necessarily to render the trial unfair. If in fact the verdict is the result of prejudice and not sustainable upon the evidence, relief must be sought in the superior court.

*Exception overruled.*

All concurred.