Coös, ⎰
Nov. 6, 1917. ⎱

### MAX GROSSBARD v. GRAND TRUNK RAILWAY COMPANY.

The assertion of counsel in argument: "If there is the least iota of evidence of G's [the plaintiff's] negligence, I don't see it," is not a statement of a fact not in evidence, but a claim as to the law, or at most a contention as to what conclusion should be drawn from the evidence.

The argument of plaintiff's counsel, in case for physical injuries, that because physicians called by the defendant were not inquired of by him as to the prospect of plaintiff's ultimate recovery they would not, if interrogated thereupon, have contradicted the testimony of plaintiff's medical experts on this point, is legitimate.

A contention of counsel, if legally erroneous, is presumed to have been corrected by suitable instructions.

CASE, to recover for injuries in a collision upon a highway grade crossing of defendants' road. Trial by jury and verdict for the plaintiff.

In argument, the plaintiff's counsel said: "Now couldn't Mr. Grossbard reasonably and safely rely upon that flagman being there? What would you do, or I do, under those very circumstances? I hope that I am a reasonably safe man and I suggest that to you, and I believe that you gentlemen are reasonable men. . . . Now, if there is the least iota of evidence of Mr. Grossbard's negligence, I don't see it. I am willing to suggest this to you; that if any of you as reasonable men, — and I, as I hope I am, a reasonable man — can see any negligence in that conduct, I hope you will give your verdict to the defendant." To this statement the defendants excepted and also to the argument that because physicians called by the defendants were not inquired of as to the prospect of plain-

tiff's ultimate recovery they would not, if inquired of, have contradicted the testimony of plaintiff's medical experts on this point.

The plaintiff claimed to have received in the accident an injury to his spine. The defendants' physicians testified they could find no evidence of such injury. Transferred from the April term, 1917, of the superior court by *Branch*, J.

*Bernard Jacobs*, for the plaintiff.

*Rich & Marble* and *Drew, Shurtleff, Morris & Oakes*, for the defendants.

Parsons, C. J. The defendants say that counsel told the jury that he was a reasonable man and as such could see no negligence in the plaintiff's conduct. That is, they say counsel was expressing an opinion, was testifying, not arguing. *Fellows* v. *Company*, 76 N. H. 457.

But counsel did not say he was a reasonable man, but only that he hoped he was. Whether he was such and whether as such he could see negligence in the evidence, he left to the jury. The only definite statement was, "If there is the least iota of evidence of Mr. Grossbard's negligence, I don't see it." The existence of negligence is a fact to be inferred from the facts proved. Whether from the facts proved a particular conclusion may or may not be drawn is a question of law. *Mitchell* v. *Railroad*, 68 N. H. 96, 117. The contention that there was no evidence from which an inference of negligence could be drawn was not a statement of a fact not in proof, but a claim as to the law or at most a contention as to the evidence. One purpose of argument is to aid the jury in drawing inferences from the facts proved. Facts that can be inferred from the facts proved, may be stated as established. *Kambour* v. *Railroad*, 77 N. H. 33, 52. Counsel may properly state his view of the effect of the evidence. *Lane* v. *Manchester Mills*, 75 N. H. 102, 107. If the evidence conclusively established the plaintiff's want of care, it may be safely presumed the case would not be here in its present shape. From this it follows that the contention that due care on the part of the plaintiff could be inferred from the evidence was not erroneous as matter of law, while there is nothing in the case showing that the more sweeping contention that there was no evidence of fault in the plaintiff was not correct in law and in fact. If legally erroneous, the presumption is, the error was corrected by suitable instructions. *Keefe* v. *Railroad, ante*, 139, 140. As

the statement objected to does not appear erroneous in law or in fact, the verdict is not affected thereby.

The second statement was in accord with the evidence. Whether the plaintiff, having received the injury he claimed, would ultimately recover was a point as to which the defendants' experts might have given their opinion although they claimed no such injury existed. The reason suggested for failure to inquire of them on this point was legitimate argument. The defendants' answer might be that no such inquiry was made because the plaintiff was not injured as claimed and no question of recovery was involved. If the defendants did not discuss this point and were surprised by the argument, opportunity would have been given them to reply if justice required. *Curtis* v. *Railroad, ante,* 116; *Rogers* v. *Kenrick,* 63 N. H. 335.

But inquiry as to the ultimate recovery of the plaintiff, if injured as claimed, might have raised a doubt as to the certainty of the belief that there was no injury. Having elected the ground upon which to place their defence and chosen the manner of presenting it, the defendants cannot object to inferences legitimately deducible from the position in which they left it.

*Exceptions overruled.*

All concurred.