Merrimack, }
March 2, 1920. }

### Charles W. McDonnell v. Frank L. Merrill & a.

The remark by counsel for defendant, *arguendo*, that "if he is liable in this case, he is mortgaged forever," being an immaterial and prejudicial statement as to his financial ability vitiates his verdict.

Case, for negligence. Trial by jury and verdict for the defendants. The plaintiff, a farmhand, claimed that a defect in a stationary ladder in a barn caused his fall, while descending thereon, and his consequent injury. An exception was taken to the argument of defendants' counsel, which is stated in the opinion.

Transferred from the April term, 1919, of the superior court, by *Marble*, J.

*Robert W. Upton* and *Joseph C. Donovan*, for the plaintiff.

*Nathaniel E. Martin* and *J. Joseph Doherty*, for the defendants.

Plummer, J. Counsel for the defendants in argument made the following statement to which the plaintiff excepted: "Well, if Mr. Merrill is liable in this case, it is an awful pity before he went to farming he didn't work out for somebody and take no risk; it is an awful pity that he didn't sell his farm before the accident happened, for if he is liable in this case he is mortgaged forever."

There was no evidence as to the financial condition of the defendants. If such evidence had been proffered it would have been rejected as incompetent. If the defendants had been found liable for an amount that would have impoverished them to pay, it would have been unfortunate, but the law could not relieve them from their liability upon that ground. The financial ability of the defendants was not material upon the question of liability or damages.

The argument was not competent upon any issue in the case, and, if it was prejudicial to the plaintiff, it destroys the verdict. It appears to have been an appeal to the jury to return a verdict for the defendants to save them from impoverishment. Such an argument was well calculated to produce that result, and it cannot be said in the absence of any finding to the contrary that it did not accomplish that purpose.

The case is of the same character as *Caverhill* v. *Railroad*, 77 N. H. 330 and *Lemay* v. *Demers*, 77 N. H. 563. In these cases verdicts were

set aside for remarks of counsel which were very similar to those under discussion. The same disposition must be made of this case.

*Exception sustained: new trial granted.*

All concurred.