Sullivan,  }
April 5, 1921.  }

## STATE *v.* JOHN C. KETCHEN.

In the trial of an indictment for rape, the argument of counsel for the state in referring to the complainant's child "as entitled to consideration" was held not to be objectionable as an appeal on the ground of sympathy but to urge upon the jury the seriousness of the offence; whether the argument was calculated under the circumstances to render the trial unfair was a question for the superior court.

An assertion of the respondent's guilt by counsel for the state as a fact, but not as a fact within counsel's knowledge, is unexceptionable.

An objection to argument is one for the presiding justice to pass upon in the first instance and it must be made known to him.

The correct procedure is for counsel to object to an argument and after an adverse ruling is rendered, to except thereto.

INDICTMENT, under Public Statutes, *c.* 278, *s.* 15, as amended by Laws 1897, *c.* 35. Trial by jury and verdict of guilty.

In a question asked in cross-examination of a witness called by the defendant, reference was made to testimony that the defendant spanked girls when in his store, and the defendant excepted.

In arguing the conduct of the complainant's mother, the attorney-general said: "Suppose she did know it? I argue to you that she did not. It often times happens, if you please, that the people who are most interested get the information last, especially about these family matters, and I argue to you, as she says, that she told you the truth about it, and that she did not know Marion's condition. But supposing she did? That is not a defence in this case, and that is not any excuse for the guilty man, either. Supposing her mother did try to cover it up; what of it? Is that any reason why society should not be protected, and why the people of New Hampshire have not a right to go to twelve men and ask that a man guilty of this crime be convicted and later go to the court and ask that he be punished?" "I except to the remarks of counsel."

Further exceptions to argument were taken as follows: "What is a married man fifty years old going through that kind of performance for, gentlemen? And how long in the town of Newport and the county of Sullivan can a man do that and still maintain his reputation in the Sunday school and the Epworth League?" "Exception to these remarks."

"Now they criticized Marion because she did not say down to the police court that Ketchen told her not to tell. Well, she wasn't

asked, gentlemen, she wasn't asked, and so what that comes to is that the counsel for the defense criticized this thirteen year old girl because of the fact that she didn't volunteer in a judicial proceeding information which she wasn't inquired of about." "Exception to that, as not being in evidence." "It is argument. If it is not good for anything, don't pay any attention to it."

"There is another individual here, brought into this world, who has got to go down through life without a name, a member of society, and a citizen of this or some other state, if he lives. He is entitled to some consideration at your hands, not as a matter of sympathy, but because of the fact, gentlemen, that you sit there charged with a solemn duty under your oath to mete out justice." "Exception to the statement of counsel." "What do you mean?" "I say this baby isn't entitled to consideration." "He is entitled to such consideration as you and I, or any other citizen of this state are entitled to, and you are expected to give him that consideration as you would give him or any other citizen of the state, when you sit there charged with the duty, to do justice between the people of New Hampshire on the one hand and this respondent at the bar on the other." Transferred from the May term, 1920, of the superior court by *Allen,* J.

*Oscar L. Young,* attorney-general, and *Henry N. Hurd,* solicitor (*Mr. Young* orally), for the state.

*Jesse M. Barton* and *Francis W. Johnston* (*Mr. Barton* orally), for the defendant.

PEASLEE, J. The exceptions in this case relate solely to claimed irregularities in the conduct of counsel for the state.

The suggestion in the question propounded to a witness called by the defendant, that the defendant had spanked young girls when they were in his store, is objected to upon the ground that there was no evidence of such conduct. The objection is not well founded in fact. The defendant admitted, upon cross-examination, that he had done this. He was the first one to use that term as descriptive of his conduct.

The exception to the argument that the conduct of the complainant's mother would be no reason why the state should not ask for the punishment of a guilty defendant, is argued in the brief upon the ground that counsel had no right to assert the defendant's guilt as a fact. The objection is without merit. The argument was not an

assertion of guilt, as being a matter of counsel's knowledge, and no reasonable person would so understand it.

The position taken at the oral argument that the exception also relates to a statement several sentences back from the point where the exception was claimed cannot be sustained. That statement was independent of the argumentative question which was put just before counsel objected, and one would naturally understand that the objection applied to the latter and not to the former.

The practice in this matter at trials has been for counsel to claim an exception, without first objecting and obtaining a ruling from the presiding justice upon the legitimacy of the argument and the steps to be taken to then and there remedy the error, if one should be held to have been committed. The latter course is the correct procedure. It is a "ruling, direction, or judgment" of the superior court to which exception lies. Laws 1901, *c.* 78, *s.* 5; *Moynihan* v. *Brennan*, 77 N. H. 273, 274. In view, however, of the existing practice, exceptions claimed as this one was are entitled to consideration here. But while they are to be passed upon, they are not to be extended so as to cover matters not fairly called to the attention of the court and opposing counsel by the objection interposed. It is only upon the theory that the failure of the presiding justice to take action when the exception is claimed is tantamount to a ruling that the argument is proper, that such so-called exception can be considered as having been regularly or sufficiently taken. The grievance is one for the presiding justice to pass upon in the first instance, and it must be made known to him. *Story* v. *Railroad*, 70 N. H. 364.

The statement in argument that the defendant went down to Dr. Cain's office "to fix it up," merely asserted a fact which could well be found from the evidence, and is unobjectionable. *Grossbard* v. *Railway*, 78 N. H. 496, 497.

The defendant called witnesses to testify to his good character and reputation and to his connection with the Sunday school and the Epworth League. Presumably this evidence was introduced as tending to prove that the defendant was not guilty. It was therefore not only the right but also the duty of the attorney-general to argue the opposing view of the situation, and to urge that where the evidence proves guilt, connection with religious organizations should not be used as a shelter behind which to escape a just conviction.

There was evidence from which it could be found that the complainant was not inquired of in the police court about the defendant's telling her not to inform her mother. It appeared that the record

did not show that she there testified to the alleged statement, and no claim was made that she there testified to the contrary. This afforded a reasonable basis for the argument that she was not asked, and would not be expected to volunteer information which was not called for. If the statement of the matter as originally made by the attorney-general could be regarded as an assertion of the fact independent of the evidence, his explanation (following the objection) that "it is argument. If it is not good for anything, don't pay any attention to it," negatives such idea.

The final exception is to the reference in argument to the child who had been born to the complainant. The exception was put upon the ground that "this baby isn't entitled to consideration"; and counsel rely upon *Caverhill* v. *Railroad*, 77 N. H. 330, and *Lemay* v. *Demers*, 77 N. H. 563. In accord with these cases is *McDonnell* v. *Merrill*, 79 N. H. 379. In each of these instances verdicts in suits for damages were set aside because of appeals to the jury based upon statements or inferences as to the financial resources of the respective defendants. The facts argued were not in evidence in any of the cases, but the decisions are that if the facts had appeared it would have been improper to use them in the way indicated.

In the present case the fact of the birth of the child was shown; and the question is whether an improper use was made of facts which were before the jury. Any appeal upon the ground of sympathy was expressly excluded, and the whole purpose of what was said appears to have been to urge upon the jury the seriousness of the offence as enhancing the solemnity of the duty they were under. The argument does not appear to have been objectionable. If, from the course of the trial, the reference was calculated to create such a prejudice as to render the trial unfair, relief must be sought in the superior court. *Girard* v. *Railroad*, 78 N. H. 406, 408.

*Exceptions overruled.*

All concurred.