Hillsborough,
Feb. 7, 1922.

## Damase Duplessis v. Armas Guyon.

A prejudicial appeal to the jury, not to give the plaintiff a verdict by taking the defendant's money from him because he is a hard working worthy man who by industry had accumulated a little property is, if unretracted and the error not cured, ground for setting aside the verdict.

Case, for negligence. Trial by jury and verdict for the defendant. The plaintiff was employed by the defendant in the construction of a cottage at Hampton Beach, and was injured by the collapse of a staging upon which he was working.

Exceptions were taken by the plaintiff to the argument of defendant's counsel, which sufficiently appear in the opinion. Transferred from the January term, 1921, of the superior court by *Branch*, J.

*Samuel J. Dearborn* and *Aimé E. Boisvert* (*Mr. Dearborn* orally), for the plaintiff.

*William H. Sleeper* and *Albert H. White* (*Mr. Sleeper* orally), for the defendant.

Plummer, J. In argument the defendant's counsel said: "I do not think that the busy man ought to have what little he has got taken away from him, the hard-earned dollars that he has made selling fish down there." Exception by plaintiff. Then, argument continued: "The hard-earned dollars, I say, that he has made selling groceries, he and his good wife, in the little store down there, ought not to be taken away from him just because he has been a very busy man. (Exception.) You will agree to that, gentlemen, exception or no exception. I think you will say as fair-minded men called here from the body of this county on the theory that you are experienced in the different walks of life, and can read men and have an understanding of human affairs — I think you know that a man who can do extra work and save up a little something (exception) is worthy of our respect — exception or no exception. . . . What is the use of putting in such buncombe, for the sake of trying to get some of his property away from this fellow, a man who has worked hard down there, hauled dirt, dug cellars, and done all kinds of work, has been a very busy man, and has gradually got ahead a little, until he could take a little job such as this one and help out his friends and neighbors

with a little employment. Now they try to get his money away from him." Exception by the plaintiff.

There was no evidence in this case to show whether the defendant had much or little property, and it was not material to any issue in the case. Neither was it of any consequence how he had earned his property, whether he acquired it with ease or by hard and arduous labor.

There were only two issues that could have been before the jury. One was the liability of the defendant for the injury to the plaintiff, and, if liability was found, the other was to determine what damages the plaintiff had sustained by the accident. The argument was not germane to either of these issues. It was an appeal to the jury not to give the plaintiff a verdict, and take the defendant's money from him because he was a hard working, worthy man, and by onerous labor and industry had accumulated a little property. Its apparent purpose was to enlist and arouse the sympathy of the jury, and influence them to return a verdict for the defendant without regard to the merits of the case, and the language of the argument was well calculated to accomplish that result. This is especially true in view of the fact that counsel did not withdraw the remarks, and no instructions were given to the jury to disregard them. They were allowed to exert their full prejudicial effect upon the jury, and it cannot be said, as a matter of law, that they did not have influence in producing the verdict.

In *McDonnell* v. *Merrill,* 79 N. H. 379; *Lemay* v. *Demers,* 77 N. H. 563; *Caverhill* v. *Railroad,* 77 N. H. 330, the verdicts were set aside by reason of improper and prejudicial remarks of counsel, which were similar to those here. But the wrongful persistence of counsel in the case at bar in repeating in substance the objectionable remarks after exception had been taken did not occur in those cases.

*Exceptions sustained: verdict set aside: new trial.*

All concurred.