Hillsborough,
April 1, 1924.

### STATE *v.* PETER BOZEK.

Laws 1919, *c.* 99, *s.* 20. making possession of intoxicating liquor sufficient evidence of illegality to support a verdict, is constitutional.

Certain evidence held revelant to establish illegal possession of intoxicating liquor.

A respondent charged with the illegal possession of intoxicating liquor may be asked on cross-examination how many times the police had searched his place and found liquor there.

A criticism in argument by the solicitor (1) of the conduct of respondent's counsel and (2) of the defence set up is unexceptionable where neither criticism involves any statement of fact or claim of law and the trial justice has found that neither criticism harmed the respondent.

COMPLAINT, for the illegal possession of intoxicating liquor. Trial by jury and verdict of guilty.

The defendant moved for a discharge because the provision of Laws 1919, *c.* 99, *s.* 20, making possession of intoxicating liquor evidence of illegality, is unconstitutional. He also moved for a directed verdict upon the ground that the evidence (stated in the opinion) showed that the liquor was lawfully procured. The motions were denied subject to exceptions.

There were also exceptions to the admission of evidence and to the argument of the county solicitor, which are stated in the opinion. Transferred by *Branch*, J.

*Ferdinand Farley*, solicitor, for the state.

*Banigan & Banigan*, for the defendant.

PEASLEE, J. The motion that the defendant be discharged because the statute making possession *prima facie* evidence of illegality is unconstitutional was properly denied. *State* v. *Lapointe, ante,* 277.

The motion for a directed verdict is based upon the claim that all the evidence shows that the possession was legal. The statute

makes the possession -evidence of illegality, sufficient to support a verdict. But the present case does not stop there. The evidence disclosed many facts tending to show that the defendant's conduct in relation to the liquor was illegal. It was concealed beneath the cellar floor; the defendant denied that he had any, but admitted to the officers that "you have got me now" when they discovered the liquor, and he and his wife set up a claim of title in the wife which the jury found to be fictitious. This motion also was properly denied.

The defendant's wife was a witness in his behalf, and claimed that the alcohol found was part of a stock she bought in 1917 for use in her business as a midwife, that she had used from the stock from that time to the date of the raid, and had not otherwise used or possessed any intoxicants. Subject to exception, the state was permitted to show that a year and a half before the trial she was arraigned in the municipal court upon a charge of illegal possession and pleaded guilty. This admission had a direct tendency to contradict her story of the history and use of the liquor and was competent for that purpose.

The state was permitted to inquire of the defendant, upon cross-examination, how many times the police had searched his place and found liquor there. The evidence was admissible. *State* v. *LaRose,* 71 N. H. 435, 437, and cases cited.

Two exceptions were taken to the closing argument for the state. One of these relates to a criticism of the conduct of defendant's counsel in argument, and the other to a characterization of the defence set up as an *alibi.* Neither involves any statement of fact or claim of law, and the presiding justice has found that neither harmed the defendant. The exceptions present no question of law. *Robertson* v. *Monroe,* 80 N. H. 258; *State* v. *Ketchen,* 80 N. H. 112; *Girard* v. *Railroad,* 78 N. H. 406; *Sanders* v. *Railroad,* 77 N. H. 381; *Hoxie* v. *Walker,* 75 N. H. 308.

*Exceptions overruled.*

All concurred.