Hillsborough,
Jan. 5, 1926.

### MYRTLE WILLETTE *v.* MYRON WHITNEY, *Adm'r.*

In an action against an administrator to recover the value of services rendered the defendant's intestate, proof that the intestate had promised to convey his farm to the plaintiff by will, as compensation for the services, but had died without doing so, is not a bar to recovery.

Exceptions must be taken, not to argument, but to the court's ruling upon objection to the argument.

ASSUMPSIT, for services. Trial by jury and verdict for plaintiff. Transferred by *Marble*, J., on exceptions to the denial of motions for a nonsuit and directed verdict, and to argument.

*Doyle & Doyle*, for the plaintiff.

*Hay & O'Connell* (of Massachusetts) and *J. Joseph Doherty* (*Mr. Doherty* orally), for the defendant.

ALLEN, J. The evidence made it reasonable to find that the plainriff did work for the defendant's intestate as a housekeeper, not

only under circumstances implying a promise to pay for it (*Page v. Page*, 73 N. H. 305), but also in consideration of an express oral agreement that if she survived him, she was to have his farm. The decedent's failure to leave the farm to her by a will is urged as a bar to a recovery for the value of the services rendered. The law is otherwise. *Howe* v. *Day*, 58 N. H. 516.

In argument plaintiff's counsel criticized the conduct of the defense for insinuating improper relations between the plaintiff and decedent, and exception was taken. The decedent's sister testified for the defendant that she at one time told her brother she "did not think it looked just right to go there [to his home] and his reply was that I could take care of my own affairs and he would take care of his," after which relations between them were not pleasant "for a time," while the relations between her and the plaintiff were "not of the best." Defendant's counsel in argument said: "There has been some evidence here from which the plaintiff would like to have you believe that Mr. Whitney [the decedent] went after Mrs. Willette [the plaintiff] to get her to go up and keep house for him, but . . . they had known each other . . . when his wife was living and when her father was living. She was not such a prize housekeeper . . . that he was running after her . . . but . . . it . . . happened in the natural course of events, and she was simply picked out from many, a number of housekeepers."

If this testimony and this argument were not insinuations fully justifying the argument excepted to, the rule that exceptions should be taken to the allowance of argument rather than to the argument itself (*State* v. *Ketchen*, 80 N. H. 112; *Tuttle* v. *Dodge*, 80 N. H. 304) requires disregard of the exception. The court made no ruling.

*Exceptions overruled.*

MARBLE, J., did not sit: the others concurred.