PERKINS *v.* BURLEY.

It is ground for setting aside a verdict that counsel for the prevailing party, in his closing address to the jury, said that if the jury knew how the plaintiff and his father and brother (who were witnesses for him) were regarded in the vicinity in which they lived, he would be willing to submit the case without argument.

TROVER, for a horse. Trial by jury. The plaintiff and his father and brother testified in reference to important matters of fact which were in dispute between the parties.

The defendant's counsel, in his closing argument, said it was unfortunate that jurors were called upon to decide cases between parties that were strangers to them, and expressed great regret that the jury did not live in the vicinity of the plaintiff and his father and brother, and that they did not know how they are regarded in the vicinity in which they live, for if they did he would be willing to submit the case without argument. The plaintiff's counsel objected that this was not a proper line of argument. The defendant's counsel did not proceed further upon that point.

Verdict for the defendant, which the plaintiff moves to set aside and for a new trial because of the foregoing conduct of counsel.

*E. A. & C. B. Hibbard* and *S. D. Quarles*, for the plaintiff.

*J. A. Edgerly* and *Beacham & Foote*, for the defendant.

BLODGETT, J. The statement, by the defendant's counsel in his argument to the jury, that if they knew how the plaintiff and his father and brother "are regarded in the vicinity in which they live . . . he would be willing to submit the case without argument," was, in effect, a declaration that the reputation of the plaintiff and his witnesses was bad in the vicinity of their homes, and was known to be such by the counsel himself. This declaration, not being evidence, was plainly without the bounds of legitimate advocacy, and from its character inevitably tended to prejudice the plaintiffs' case, and to deprive him of that fair and impartial trial to which all parties are entitled as of right. When, therefore, objection was made, counsel was bound to do everything necessary to be done to rectify his wrong. He was legally and equitably bound to prevent his statement having any effect upon the verdict. This he could not do without explicitly and unqualifiedly acknowledging his error, and withdrawing his statement in a manner that would go as far as any retraction could go to erase from the minds of the jury the impressions his statements were calculated to make. . . . It was his duty to request the court

that they should be instructed that the unsworn statement was not evidence, and could have no weight in favor of the party improperly making it.   The other party does his duty when he objects to the wrong inflicted upon him, and does not allow it to be understood that he waives his objection.   *Bullard* v. *Boston & Maine Railroad*, 64 N. H. 27, 32.   But counsel did nothing to rectify his wrong.   He neither retracted his statement nor requested the court to instruct the jury to disregard it, and, so far as appears, they were not so instructed.   The first exception is therefore sustained.   See, generally, *Hilliard* v. *Beattie*, 59 N. H. 462; *Cross* v. *Grant*, 62 N. H.       ; *Martin* v. *State*, 63 Miss. 505—*S. C.*, 56 Am. Rep. 812, and note.   The remaining exception need not be considered.

*Verdict set aside.*

SMITH, J., did not sit: the others concurred.