## JORDAN v. WALLACE.

The affidavits of jurors that they were not influenced in their verdict by unwarranted remarks in the argument of counsel for the party in whose favor the verdict was rendered, cannot be considered upon the question whether the effect of the objectionable remarks was wholly removed by a retraction of counsel or the charge of the court. Unless the party in fault, after verdict in his favor, obtain such a finding from the presiding justice, the verdict will be set aside.

ASSUMPSIT, for damages for breach of contract to cut and yard timber. The defence was that the contract was procured by false representations of the plaintiff, calculated and intended and having the effect to deceive the defendant, and render his examination of the situation and quantity of the timber less complete, and therefore the defendant rightfully rescinded it. Verdict for the defendant.

The defendant's counsel, in his argument to the jury, said of the plaintiff,—"I don't believe that he ever lived an honest hour in his life, when he was not either plotting and planning to beat somebody individually, or to go into bankruptcy and beat everybody collectively." To this the plaintiff objected, and the court stopped the counsel, stating that his remarks were improper, and not authorized by any evidence in the case, and told the jury to disregard them. Thereupon the defendant's counsel said he withdrew the objectionable remarks, and asked the jury not to regard them. The plaintiff insisted on his exception, claiming that the mischief was not cured by the apology of the counsel. In the instructions to the jury the court again reminded them that they should regard the evidence only in making up their verdict, and that the objectionable remarks of counsel should have no effect. The plaintiff moved to set the verdict aside because of the remarks excepted to. Thereupon the defendant produced the affidavits of all the jurors to the effect that the remarks of counsel objected to had no influence whatever upon their minds in determining the

verdict rendered. If the affidavits of the jurors can be considered, the court finds that the objectionable remarks of the defendant's counsel were harmless; if the affidavits of the jurors cannot be considered, the court is unable to say that the verdict was not affected by the statement objected to, from the fact that the impression of the court, upon the evidence, was that the verdict would be for the plaintiff.

*Jason H. Dudley,* for the plaintiff.

*Thomas F. Johnson,* for the defendant. In this state it is well settled that the question whether the jury were influenced by remarks of counsel is a matter of fact to be determined by the presiding justice at the trial term. *Bullard* v. *Railroad,* 64 N. H. 27, and cases cited. If the verdict was affected by the objectionable remarks, it should be set aside; if not, it should be sustained. This raises an issue of fact for the presiding justice, and we submit that it should be determined by competent evidence, like any other question of fact. Competent evidence must come from those who have knowledge of the fact in issue. The jurors are the only persons on earth who have or can have any knowledge of the facts in issue, and are the only competent witnesses. The presiding justice has found that if he can consider their evidence, the objectionable remarks were harmless; and the question of the admissibility of their evidence is the only question before the court. It must be admitted that the jurors are the only ones who know the fact, and that the presiding justice cannot know it. He cannot tell what effect certain remarks have on the minds of other men. The men to whom the remarks are made know, and they only can know, and this is the question of fact to be determined that is decisive of the case at bar. It seems to us absurd to raise an issue of fact, and then hold that the only parties on earth who know or can know anything about it are incompetent to testify, and that the question must be determined, without evidence, by the court— one who knows nothing whatever about it, and from its very nature can know nothing whatever. If this is the rule, it stands as an anomaly in law, logic, and common sense. It seems to us doubly absurd that the court should hold that the mind of the presiding justice must be deprived of all competent testimony, isolated from every source of reliable information in regard to a certain fact, and then ask him to find the existence or non-existence of said fact, when he can have no knowledge and can make no inquiry concerning it.

In this case, the objectionable statement was made by the defendant's counsel in his argument to the jury, and was a statement of his belief, and did not purport to be the statement of a fact; and when objection was made, the attorney withdrew this statement of belief, and asked the jury to disregard it. The court then told the

jury such statement could not be considered by them; and after this the plaintiff's attorney made his entire argument, having ample opportunity to fill them up with his side of the case. The judge in his charge told them again to disregard the remarks of the defendant's counsel. If they did as the defendant's counsel requested them, as the judge twice directed them, the verdict was not prejudiced, and should be sustained. This raises the same issue of fact again. The jury know whether they did as they were requested, directed, and redirected. The trial judge cannot possibly know, and yet it is a question of fact to be determined by him. What more sensible way could be devised than to allow the trial justice to hear the sworn testimony of those who do know, and the only ones who can know. The trial justice asserts that if the testimony of the jurors is rejected, he is unable to say they were not influenced by the counsel's statements. This must be so, as he cannot possibly know. He could not know this fact, whether the verdict was in accordance with his impressions or not.

The impressions of the court cannot be material, for if they control the verdict in this case, they should in all cases. If the verdict of a jury cannot stand unless sanctioned by the impressions of the court, the jury should first be informed of those impressions, and then conform their verdict to the same. That this cannot be the law needs no demonstration. The position of the plaintiff, logically stated, is as follows: The presiding justice, who does not and cannot possibly know a certain fact, asserts that he is "unable" to state it, therefore those who do know the fact shall not be allowed to state it. Can reason conceive of a more absurd conclusion?

These affidavits of the jurors are offered to sustain their verdict by showing that they acted in accordance with the direction of the judge, and did not disregard his instruction, and should be received. *State* v. *Ayer*, 23 N. H. 301; Morrison's Digest 263, *s.* 753.

One of the reasons assigned in *State* v. *Ayer*, *supra*, for not setting aside the verdict because of damaging statements made by a witness in presence of a juror was, that the juror told the witness afterwards that "he did not take any notice of the conversation." If such a statement of a juror in that case could be considered, we submit that the sworn affidavits of twelve jurors ought to be considered in this case to show that they did not take any notice of a statement of belief made by a counsel and immediately retracted. It seems to us that every consideration of reason and law would allow the trial justice to consider these affidavits, in determining a question of fact that can be established in no other way.

BLODGETT, J. It is not open to reasonable doubt that the denunciatory comments of the defendant's counsel upon the character of the plaintiff were made for the single purpose of prejudicing the plaintiff's case before the jury, and that they were calculated

improperly to influence the verdict. Such comments, based upon other than the facts in the case and the conclusions legitimately deducible from the law applicable to them, are no part of the privilege of counsel, and, indeed, are not now claimed to be, even by the offending counsel himself, who, in his brief, fitly characterizes his remarks as "objectionable." It is claimed, however, that they should be regarded as excusable because they did not purport to be the statement of a fact, but only a statement of the counsel's belief. But this excuse is an aggravation rather than a palliation of the offence, for it is an admission that the derogatory assault upon the plaintiff was outside the proof, and counsel's object must therefore have been to supply the deficiencies of his client's case by travelling out of the record and seeking to humiliate and degrade the plaintiff in the eyes of the jury by an extra-professional statement of his own belief. This cannot be tolerated.

Nor was the offence atoned for when, upon objection, counsel withdrew the unwarranted statement of his belief, and asked the jury to disregard it, nor even when the court specifically instructed them to disregard it. In such cases the party in fault is "bound, after verdict in his favor, to obtain a finding that the result was not affected by his tort, and ought not to be annulled on account of it." *Bullard* v. *Railroad*, 64 N. H. 27, 33. "A verdict will be set aside for unwarranted remarks of counsel to the jury in closing, unless the presiding justice finds, as matter of fact, that the jury were not influenced thereby, or that the effect upon their minds was wholly removed by a retraction of counsel, the charge of the court, or in some other way." *Ib.* 27.

This finding the defendant has failed to obtain. On the contrary, the finding of the justice presiding at the trial is that he is unable to say that the verdict was not affected by the statement objected to, unless the affidavits of the jurors, to the effect that the remarks of counsel had no influence upon their minds in determining the verdict rendered, can be considered; and *Mason* v. *Knox*, 66 N. H. 545, is a direct and conclusive authority against their admissibility.

*Verdict set aside.*

CLARK, J., did not sit: the others concurred.