Hillsborough, ⎰
  June, 1894. ⎱

### HEALD *v.* CONCORD & MONTREAL RAILROAD.

The statement by counsel in his argument to the jury of a material fact not based on any evidence in the case is error.

A reasonable construction is given to the language of counsel used in argument to ascertain its effect upon the jury.

CASE, for personal injuries. Verdict for the plaintiff. While the plaintiff was attempting to pass over a railroad crossing in Manchester, with his horse and wagon, his horse became frightened by the lowering of the bars or gates which were used by the defendants to prevent teams from crossing the tracks, when locomotives were passing over them. Being unable to manage his horse, he was thrown upon the ground and injured. The tracks at this point were used to a large extent for the purpose of shifting cars. In his closing argument to the jury plaintiff's counsel said : " You have some idea of the regular trains that are passing through the day ; you must have in mind that there is business carried on there that, I submit, never ought to be carried on or endured in any community, and it is that use of that crossing as a public highway for shifting purposes. . . . I say to you that the man who would start one of those bars when a team was on the track as Roby did, by his own admission, — the corporation that would tolerate for all this time such practice as that, deserves your admonition in some form or other. I say it is one of those palpable, manifest, wicked performances that I should not suppose intelligent men would tolerate at all." To these remarks the defendants excepted.

*Burnham, Brown & Warren,* for the plaintiff.

*Frank S. Streeter* and *Joseph W. Fellows,* for the defendants.

*Per Curiam.\** The plaintiff's counsel stated in effect that the defendants had tolerated a dangerous practice of lowering the gates at the crossing " for all this time," meaning apparently for a long time. The jury were told, not merely that this dangerous act occurred at the time of the accident, of which there was competent evidence, but that such acts were of frequent occurrence when teams were upon the crossing, of which there was no competent evidence. The statement was testimony given by counsel,— an unsworn witness, not subject to the test of cross-examination. It was testimony upon a material point, the natural effect of which was prejudicial to the defendants. In the absence of a finding that it did not have that effect, the necessary conclusion is that the trial was not a fair one, and that the error can only be corrected by a new trial. *Bullard* v. *Railroad,* 64 N. H. 27; *Jordan* v. *Wallace,* 67 N. H. 175; *Noble* v. *Portsmouth,* 67 N. H. 183.

The claim of the plaintiff that in the statement objected to, counsel referred to the shifting of cars over the crossing and not to the lowering of the gates, is not sustained by a reasonable construction of the language used. It occurs in the part of the argument relating to the method of operating the gates at the time of the accident, and no reason is suggested why the jury should have understood that it referred to another subject previously discussed. If such was the intention of counsel, he failed to convey the idea to the jury.

*Verdict set aside.*

SMITH, CHASE, and WALLACE, JJ., did not sit: the others concurred.

---

\* See foot-note on page 22.