Strafford, }
Dec., 1898. }

GREENFIELD, *Assignee, v.* KENNETT.

Whether a portion of a letter offered in evidence contains an offer of compromise, is a question of fact determinable at the trial term.

A statement by counsel in his argument to the jury, prejudicial to the adverse party and unsupported by any evidence, is sufficient cause for setting aside a verdict, in the absence of a finding that the jury were not influenced thereby.

ASSUMPSIT, for lumber sold. Trial by jury and verdict for the plaintiff. The defendant read in evidence a letter from the plaintiff, but was not allowed to read a postscript to it because the court found it contained an offer of compromise, and the defendant excepted. The plaintiff's counsel in his closing argument said that he "should be willing to try this case before a jury composed of parties with whom he [the defendant] had dealt." There was no evidence to support this statement. The defendant objecting, the plaintiff withdrew the remark and asked the jury not to consider it. The court then and in his charge instructed the jury to disregard the remark, but did not find that its effect upon their minds had been removed.

*Worcester, Gafney & Snow,* for the plaintiff.

*Edgerly & Mathews,* for the defendant.

YOUNG, J. An offer of compromise is not admissible against the party making it. *Sanborn* v. *Neilson,* 4 N. H. 501, 507; *Plummer* v. *Currier,* 52 N. H. 287, 296. When the statement of a party, offered in evidence, is claimed to be an offer in compromise, its admissibility raises the preliminary question whether it is such an offer; and this question may be decided by the trial judge or, in his discretion, be submitted to the jury. *Bartlett* v. *Hoyt,* 33 N. H. 151; *Field* v. *Tenney,* 47 N. H. 513, 521. Being a question of fact, it is not reviewable here.

Whenever counsel in his closing argument goes outside the evidence for the purpose of prejudicing the jury, the verdict, if in favor of his client, will be set aside unless the presiding justice finds that the jury were not influenced by the remarks, or that their effect upon the minds of the jury has been wholly removed. *Bullard* v. *Railroad,* 64 N. H. 27; *Perkins* v. *Burley,* 64 N. H. 524; *Jordan* v. *Wallace,* 67 N. H. 175. There was no evidence respecting the defendant's dealings with other parties;

and the statement of the plaintiff's counsel to the effect that his dealings with them had usually been of such a character that they would be likely to look at this transaction in a light unfavorable for the defendant, was not fair argument, but was an unsworn and irrelevant statement, unlawfully thrust into the case for the sole purpose of prejudicing the jury against the defendant; and since it is not found that this remark did not have its natural effect upon the minds of the jury, the order must be

*Verdict set aside.*

WALLACE, J., did not sit: the others concurred.