Coös,
Jan. 4, 1921.

### JAMES C. COTE, *Adm'r, v.* NICHOLAS D. MICHOU.

An erroneous statement of the evidence by counsel in argument, relating to a material issue of the case and calculated to prejudicially influence the jury, is ground for reversal.

CASE, against a physician for the death of the plaintiff's wife. Trial by jury and verdict for the defendant.

The plaintiff's evidence tended to prove that the defendant who attended the decedent at child birth did not give her proper attention and treatment, and that she died from eclampsia.

The defendant's testimony tended to prove that he was not negligent in his care and treatment of his patient; that she was suffering from chronic Bright's disease; and that no one could have saved her life. The plaintiff excepted to the admission and exclusion of evidence, to argument of counsel, and to the charge of the court. The argument excepted to appears in the opinion. Transferred from the December term, 1919, of the superior court by *Marble,* J.

*Sullivan & Daley, Ira W. Thayer,* and *Fred W. Baker (Mr. Sullivan* orally), for the plaintiff.

*Alvin J. Lucier* and *Matthew J. Ryan (Mr. Lucier* orally), for the defendant.

PLUMMER, J. Defendant's counsel in argument made the following statement: "He told us [Dr. Smith] on the authority they are going on,—'why, certainly,' he says, 'I couldn't have saved her life, and the best doctor in the world couldn't have saved her life.'" Exception by the plaintiff.

The testimony of Dr. Smith, who was the plaintiff's witness, relative to the matter under discussion was as follows:

"Q. You can't save a life every time you have a case of eclampsia? A. No. Q. You can't say that Dr. Michou, or any doctor, you or any number of doctors, could have saved this woman's life once these convulsions started in, by any treatment? A. I can't say so, no, sir. Q. And you can't even say that the probabilities are that you could have saved her life after the convulsions started in? A. I didn't see the case, but I would say that she had her best chance under

treatment, and she didn't get treatment. Q. And with the best treatment, you can't say that the probabilities are that you or anybody else could have saved that woman's life? A. The probabilities are that her life could have been saved. Q. Might have been saved? A. Yes. The majority of these cases get well. Q. Why do you say that, Doctor? Why do you say that the probabilities are — Do you say you could have saved her life? A. No, no. I am not speaking about this individual case. I am stating simply that under treatment the majority of these cases get well. Without treatment — perhaps some get well without treatment. I don't know."

An examination of this evidence demonstrates that Dr. Smith did not testify as counsel stated he did, but directly opposite thereto. He stated that he could not say that he, or any doctor, could have saved her life. In other words he could not guarantee that her death could have been prevented. But he did not testify that he, or the best doctor in the world, could not have saved the decedent's life. On the contrary he testified that the probabilities are that her life could have been saved; that the majority of these cases get well. The erroneous statement did not concern an immaterial and inconsequential matter, but related to a point that was at the very heart and crux of the case, and being of a character well calculated to influence the jury to the detriment of the plaintiff, it rendered the trial unfair, and destroys the verdict. .

The improper statement was not withdrawn, and no effort was made by counsel to nullify its effect, consequently, the verdict must be set aside. *Benoit v. Perkins*, 79 N. H. 11; *Kelsea v. Insurance Co.*, 78 N. H. 422; *Lemay v. Demers*, 77 N. H. 563; *Hallock v. Young*, 72 N. H. 416, 422; *Story v. Railroad*, 70 N. H. 364, 376; *Greenfield v. Kennett*, 69 N. H. 419.

The unwarrranted remarks were especially potent to persuade the jury against the plaintiff because they were presented to them as the testimony of the plaintiff's medical expert witness.

The plaintiff had another exception to argument of counsel, and exceptions to the admission and exclusion of evidence, and to the charge of the court. But inasmuch as the verdict must be set aside, and a new trial granted on account of the improper and prejudicial argument, it is not deemed necessary to consider these exceptions.

*Exception to argument sustained: verdict set aside: new trial granted.*

All concurred.