Hillsborough, )
Feb. 5, 1929. )

GEORGE I. HASELTON, *Adm'r*, v. KARL E. G. MASER.

*George I. Haselton* and *Samuel J. Dearborn*, for the plaintiff.

*Timothy F. O'Connor* and *Myer Saidel*, for the defendant.

BRANCH, J. 1. During the argument of defendant's counsel, the following proceedings took place: *Mr. O'Connor:* "Not all the witnesses that the police found at the suggestion of my brother, are here to tell you the story — *Mr. Dearborn:* I object to that. There is no evidence of that, that we did not bring all the witnesses. *Mr. O'Connor:* Captain Rourke investigated this case. Captain Manning

said he investigated it and he is not here. *Court:* It may stand if you wish. *Mr. Dearborn:* An exception. *Mr. O'Connor:* Not all the witnesses who investigated the case are here to testify. I say this because Captain Rourke did investigate this case, and for some reason he is not in court."

It is argued by the plaintiff that in making the statement "Not all the witnesses that the police found at the suggestion of my brother, are here to tell you the story" defendant's counsel testified to a fact that was not in evidence. This contention cannot prevail. The succeeding portions of the argument indicated clearly that counsel had reference only to the failure of the plaintiff to call Captain Rourke as a witness, and, in view of the testimony that he took part in the investigation of the accident, the argument was justified.

2. Later in the course of his argument defendant's counsel said: "The plaintiff is backed by the prosecuting, the District Attorney's office of Hillsborough County in this case." The court allowed this argument to stand and plaintiff excepted. There was evidence that Mr. Haselton, the nominal plaintiff, was the county solicitor of Hillsborough county, that he participated in a portion of the investigation of the accident conducted by the police department of the city of Manchester, and that a report of the police investigation was made to him as solicitor. It was therefore evident that the plaintiff's case was prepared in part at least, simultaneously with the criminal investigation of the prosecuting authorities, and the conclusion that the plaintiff was backed by "the district attorney's office of Hillsborough county" was one which might properly be urged upon the jury. It is immaterial that the argument took the form of a positive statement of fact. *Maravas* v. *Assurance Corporation,* 82 N. H. 533, 538, and cases cited.

3. Seven witnesses for the plaintiff testified that after the accident they observed a black mark on the roadway, and it was the contention of the plaintiff that this mark was made by a tire of defendant's automobile after the brakes were applied. The evidence was conflicting as to the location and length of the mark. During the argument of defendant's counsel exception was taken as follows: *Mr. O'Connor:* "They found a mark down there after the accident. Nobody identifies that mark—*Mr. Haselton:* That isn't the evidence, Your Honor. *Court:* That statement may stand. *Mr. Haselton:* An exception, Your Honor. *Mr. O'Connor:* I say nobody identified this mark as being made by the truck in question."

Three witnesses testified positively that the black mark was made

by the defendant's automobile. One of them did not observe it, however, until thirty minutes after the accident, and the second admitted on cross-examination that it might have been made the day before. The third was an eyewitness to the accident, who described it as follows: "I hear a noise of a car, . . . I turn around and look; when I turn around I see car going, and first thing, when I turn, I see a little child was under machine and was dragging down. Q. Was the wheel turning? A. The wheel don't been turning, just dragging the kid down and by back street there . . . was iron post and by the iron post was the car; and I go there; . . . The fellow got off the car and pick up the child; all people keep coming, and I turn back, and look at the line, and everybody look at line automobile make, and I went back to Coutres' store. Q. What made the line? A. The car, put on brakes, car drag." The foregoing testimony in regard to the mark was in no way weakened upon cross-examination. There is, therefore, no escape from the conclusion that counsel misstated the evidence upon this point.

The prejudicial effect of the argument is properly stressed by the plaintiff in his brief as follows: "It was a very important part of the plaintiff's case to establish the fact, that this black mark on the pavement of the street, some sixty or seventy feet in length, was made by defendant's truck when he applied the brake. It not only tended to show that defendant was driving at an excessive speed, but also rebutted his story that the truck was stopped by him almost immediately after hitting the child. The court by its ruling, 'That statement may stand,' impressed more fully upon the jurors' minds the absence of any such identifying evidence."

It therefore seems plain that we have here a palpable misstatement of the evidence, upon a material, if not a vital, point in the case, sanctioned by the ruling of the court and reiterated by counsel after exception had been taken. Under the circumstances, the verdict must be set aside. *Olena* v. *Company*, 82 N. H. 408, 415; *Cote* v. *Michou*, 80 N. H. 41; *Benoit* v. *Perkins*, 79 N. H. 11, 19.

*New trial.*

All concurred.