Hillsborough, }
May 2, 1933. }

JAMES F. CARR *v.* WALDO H. ORRILL & a.

*Wyman, Starr, Booth & Wadleigh (Mr. Booth* orally), for the plaintiff.

*O'Connor & Saidel (Mr. Saidel* orally), for the defendants.

ALLEN, J. I. Respecting the liability of the defendant driver, the evidence warranted a finding of facts to this effect. This defendant, traveling northerly on the east side of Elm Street in a compact part of Manchester, stopped at its intersection with Spruce street to meet the command of red lights. When they turned to green she proceeded on her way, passing the intersection of Lake avenue. At this point a car turned from the avenue into Elm street and was driven northerly along the right side of the defendants' car but not ahead or quite abreast of it. Between 25 and 30 feet northerly of the Lake avenue intersection there was a cross-walk from one side of Elm street to the other, and beyond it cars were parked along the curb. The left side of the front of the defendants' car struck the plaintiff while he was walking from the east to west side of Elm street on the cross-walk. The driver did not see him until the car was about three feet from him.

She might have seen him from the time he started to cross the street until he was struck. In this time he covered a distance of about 25 feet and was going at a moderate pace. Nothing obstructed her view. It was fairly to be found that she was inattentive in watching ahead and that proper heed would have disclosed the plaintiff's presence in plenty of season to avoid striking him. It seems unnecessary to discuss the proposition. The defendants' argument rests upon an assumption of facts which were undemonstrated if not more or less demonstrably disproved.

A finding of the plaintiff's fault is not demanded. A double street car track runs along the center of Elm street, which is some four rods wide. The plaintiff had nearly reached the easterly track when he was struck. He kept on the cross-walk all the way from the sidewalk. Before and after leaving the sidewalk he made observations for cars coming from the south. He noticed the defendants' car, first when it was more than ten rods distant from the cross-walk and again when it was four or five rods from it. He thought it was safe to keep on his way, expecting he would cross the car's course and reach the tracks at the center of the street before the car reached the cross-walk. Just before he was struck he again noticed the car, but it was then too late to escape it. Considering in addition his right to assume that the driver would see him and observe caution accordingly, the evidence of his negligence is far from sufficient to lead to a necessary conclusion of it.

Much of the defendants' argument concerning the plaintiff's care relates to the evidence of his intoxication at the time. The evidence about this was conflicting and its extent in affecting his conduct was

for the jury to find.  They were entitled to say that the claim of conduct thus affected was unproved and thus dispose of the issue of his condition.    In that view the plaintiff was to be regarded as in a sober state, and a sober person might have acted as he did without being careless.

If the plaintiff testified falsely about his sobriety at the time of the accident or about his habits of drinking, he was not for that reason barred from recovery.  The doctrine of *Harlow* v. *Leclair*, 82 N. H. 506, holding a party bound by his testimony under certain conditions is inapplicable to contradictions of the testimony.  If his adversary asks for it, a party may be obliged to stand upon his own testimony in certain respects, but evidence inconsistent therewith is to have the same treatment as is given evidence generally.  Proof that the plaintiff crossed the street while too intoxicated to do so safely would bar recovery; his own testimony that he was sober would not be the bar.

The motion for a directed verdict for the defendant driver was properly denied.

II.  The motion of a like nature for the defendant owner should have been granted.  As to his ownership, whether it was of a full or part interest, the driver was a bailee.  The owner and his wife lived with the driver and her husband under an arrangement by which the owner paid an agreed sum for room and board for himself and his wife, she rendered some housekeeping assistance to the driver, and the driver was to have some free use of the car for her own purposes.  At the time of the accident the driver was using the car only on her own errands which included the purchase of food for the household.

She was neither an agent nor servant of the owner.  She was transacting her own business with which he had nothing to do.  She was not acting under his orders or direction.  She was in exclusive possession and control of the car as much as though she had hired it from one not related to her and not a member of her household.

III. A number of exceptions to argument are transferred.  All save one rest upon a claim of misstatement of the evidence.  The court gave this instruction: "If there is any difference between counsel as to what the evidence is in the case, you will take your own memory, and determine on your own recollection of the evidence, which is right."  The instruction cured any misstatements.  *State* v. *Small*, 78 N. H. 525, 532; *State* v. *Hale*, 85 N. H. 403, 412.

No objection was made to its inadequacy in omitting to state its corollary that any argument based upon a misstatement of the evidence is to be disregarded, nor was any special request made that the

stenographic notes of the evidence in dispute be read. Without request for elaborating the instruction or to have the pertinent record of the trial read, the court's duty was performed by the instruction given. *Nadeau* v. *Sawyer*, 73 N. H. 70, 71, and cases cited. If it is thought the jury may give weight to an argument resting upon a disputed claim of evidence which is contrary to the actual evidence or has not been introduced, the reciprocal duties of court and counsel (*Burke* v. *Railroad*, 82 N. H. 350, 362) demand that counsel be held to be satisfied if they do not protest the instruction as insufficient. An error of trial correctible upon its commission is ordinarily waived if the offended party does not then use reasonable diligence in seeking the correction. Thereby fairness in avoidance of a new trial is secured without impairment of the fairness of the trial had.

Plaintiff's counsel argued that certain evidence admitted only for purposes of contradiction was rendered admissible through unfair tactics of adversary counsel and the evidence was described in the argument as "prejudicial." Objection to the argument on the ground that the evidence was not prejudicial, but "proper evidence, otherwise the Court would not have allowed it," was overruled and an exception was taken.

No fault being found with the criticism of the adversary counsel's conduct, the only inquiry is whether the characterization of the evidence as prejudicial made the trial unfair. The context of the argument shows acceptance of the court's admission of the evidence for the limited purpose of impeachment, and no implication or suggestion of the argument that the evidence was not admissible or competent is found. Nearly all evidence is prejudicial to the party against whom it is introduced. This general character of particular evidence was emphasized by counsel who then sought to destroy its value and force by asserting its introduction to have been made by roundabout methods and technique "pushing it a little bit too far." If it was also in mind that the evidence was prejudicial because of the chance of its use for more than its proper purpose, the thought was too vaguely expressed to show any harmful effect if it could be held harmful under clearer statement. The finding that the verdicts were free from prejudice and mistake supports the conclusion.

The exceptions to argument are overruled.

IV. Of the exceptions to the charge one related to the range of view enabling the driver to see the plaintiff sooner than she did see him. The evidence of such a range is discussed in connection with her motion for a directed verdict, and renders the exception unavailing.

Another exception related to a requested instruction that a pedestrian crossing a street must, besides looking in caring for himself, see and think. So far as the defendants were entitled to the instruction, the instruction given that if the plaintiff was "inattentive, unobserving, or oblivious to his surroundings, either because he was drunk, or for any other reason," any contribution of such conduct to the accident barred recovery, sufficiently granted it.

The defendants excepted to an instruction that if a defective condition of the brakes was a cause of the accident, the driver was negligent provided she was chargeable with notice of the condition. The validity of the exception depends upon the sufficiency of the evidence to show that a defective condition was causal.

The driver testified that she did not see the plaintiff until the car was within two or three feet of him. There is no evidence that her speed when she first saw him was less than 15 miles an hour. Clearly in that situation there was no time to use the brakes to any saving advantage. But it might be found that she saw the plaintiff when her car was farther away from him than she testified. In that situation and in acceptance of her testimony that she applied both the foot and the hand brakes as soon as she saw him, it would be a reasonable inference in the opinion of a majority of the court that with the hand brake in good order the car would have been slowed down so that the plaintiff would have crossed its path ahead of it so as to be out of its way. The evidence of a causal defect renders the exception unavailing.

*Judgment against defendant driver.*

*Judgment for defendant owner.*

All concurred.