Rockingham, }
Feb. 4, 1936. }

FREDERICK E. BRUCE

*v.*

CAPITOL MOTOR TRANSPORTATION COMPANY, INC.

*William H. Sleeper* (by brief and orally), for the plaintiff.

*Arthur E. Sewall* and *Thomas L. Cleaton* (*Mr. Sewall* orally), for the defendant.

BRANCH, J.   The accident happened upon July 4, 1934, at the intersection of State and Pleasant streets in the city of Portsmouth. Traffic at this intersection is controlled by a system of automatic lights which were in operation at the time of the alleged collision. It is plain that both parties must have entered the intersection at approximately the same moment.   There was evidence from which it might be found that, at this moment, the signal light in front of the plaintiff was green, which indicated that he might lawfully proceed through the intersection, while that confronting the defendant was red, which was equivalent to a command that he stop.   Under

these circumstances it is obvious that the questions of the defendant's fault and the plaintiff's due care were properly submitted to the jury.

During the argument of plaintiff's counsel to the jury, the following proceedings took place.

"*Mr. Sleeper:* Now they speak about the plaintiff being scuffed along the road. Why this motorcycle didn't fall over onto him on top of him. There's no evidence to show that. Nobody claims that they had to take the motorcycle off of him. *Mr. Sewall:* Exception. You said no evidence. *Mr. Sleeper:* Withdraw it, gentlemen. *Court:* Strike it out of your minds. *Mr. Sleeper:* I argue to you twelve men that the motorcycle didn't tip over onto him because nobody claims he was held under the motorcycle or that the motorcycle was taken off of him. *Mr. Sewall:* Exception. *Court:* That isn't the evidence to my recollection, part of his body was under the motorcycle. *Mr. Sleeper:* I don't think so, Your Honor. *Mr. Sewall:* May I have an exception to that statement? *Mr. Sleeper:* I withdraw the statement. *Court:* Strike it out of your minds. The statement is withdrawn."

The repeated statements of plaintiff's counsel to the effect that there was no evidence that the motorcycle lay on top of the plaintiff after the accident, was a flagrant misstatement of the testimony. The driver of the truck testified as follows: "Q. And where was Mr. Bruce lying? A. His leg was underneath the motorcycle and we pulled him out and put the pad underneath his head. Q. That is, as he was astride of this thing it had come over this way? A. Yes, sir. Q. Toward the truck? A. Toward the ground. Q. And his leg was still under here? A. Under the motorcycle." The truck driver's helper testified as follows: "Q. Where was Mr. Bruce with reference to his motorcycle? A. He was caught up in the motorcycle, one leg was bending across it up in here. Q. He was across like this with the motorcycle lying on him? A. Yes. Q. On his right leg? A. His right leg."

No eyewitness contradicted the above testimony which had reference to the crucial point in the case, *i.e.* whether the front end of the defendant's truck struck the motorcycle, as the plaintiff claimed, or whether, as the defendant claimed, the motorcycle slid out from under the plaintiff as he was attempting a sharp left turn in order to avoid running into the side of the truck.

The statements of plaintiff's counsel were of the same character as those which were held to require the setting aside of the verdicts in the following cases: *Haselton* v. *Maser,* 83 N. H. 498; *Coté* v. *Michou,* 80 N. H. 41; *Benoit* v. *Perkins,* 79 N. H. 11, 19. The ver-

dict in the present case must, therefore, be set aside unless it is found that the error was cured by the withdrawal of the statements and the instruction of the court to the jury. "The error must be cured, and the ascertainment of a cure is purely a question of fact for the justice who presided at the trial." *Wilcomb* v. *Duston*, 82 N. H. 180; *Olena* v. *Company*, 82 N. H. 408, 415. No such finding has been made in this case. Whether it can properly be made in accordance with the procedure suggested in *Tuttle* v. *Dodge*, 80 N. H. 304, 313, is problematical, in view of the doubt expressed by counsel as to the accuracy of the court's recollection and the reluctance with which the withdrawal was made. We need not pass finally upon this question, however, since the verdict must be set aside because of another portion of the argument of plaintiff's counsel, which is reported as follows:

"*Mr. Sleeper:* You know the travel on the sidewalks in the city of Portsmouth, does it turn from red to green? Or was he running the yellow light? *Mr. Sewall:* Have exception. No evidence yellow light shown at all. Red to green. *Court:* Noted. *Mr. Sleeper:* I don't know that its in the evidence that there was a yellow light there. I don't think it was called to the jury's attention. I'll withdraw the statement. *Court:* Strike it out of your minds, gentlemen."

This argument was obviously equivalent to a statement by plaintiff's counsel that there were yellow traffic lights in operation at the time of the accident, for which there was no basis in the evidence. Nowhere in the record do we find the slightest contradiction of the testimony of the truckmen that the traffic lights changed immediately from red to green. Since counsel for the plaintiff thus testified to a material fact of which there was no evidence, the verdict must be set aside, unless it can be found that the error was corrected and that the trial was not thereby rendered unfair. Hening, Dig., 1259. No finding upon this issue has been made, and in view of the language used by the plaintiff's counsel immediately before the withdrawal of his statement, no such finding could properly be made. The remark, "I don't think it was called to the jury's attention," was in effect a reiteration of his statement that there was a yellow light there coupled with a suggestion that he had merely omitted to call it to the jury's attention. Thus while going through the form of withdrawal, counsel obviously undertook to retain the full effect of his testimonial assertion. Under these circumstances it cannot be found that the statement was "thoroughly and fairly" withdrawn. *Tuttle* v. *Dodge, supra,* 313.

Since it is unlikely that the questions raised by the defendant's other exceptions will arise at another trial they have not been considered.

*New trial.*

MARBLE, J., was absent: the others concurred.