### J. P. GODDARD REALTY & BAKERY CO., INC.
*v.*
### WILLIAM BUGBEE.

### WILLIAM BUGBEE
*v.*
### J. P. GODDARD REALTY & BAKERY CO., INC.

*Howard H. Hamlin,* for the J. P. Goddard Realty & Bakery Co., Inc.

*John Leahy,* for William Bugbee.

WOODBURY, J.  Inasmuch as none of the defendant Bugbee's exceptions have been transferred, the case in which he appears as the party plaintiff is not before us for consideration.  It is therefore mis-entered in this court.

The automobile accident out of which these cross-actions arose took place on the main highway between Lebanon and Claremont in the town of Croydon "about five or six miles, something like that," south of the Cornish-Croydon line.  The driver of the plaintiff's truck testified that he left his last stop, which was "right on the town-

ship line between Croydon and Cornish," at twenty minutes past seven in the evening and that the accident happened "between half past seven and eight, if I recollect." The collision occurred when Bugbee, who was driving his car in a northerly direction, attempted to make a left turn into an intersecting highway in front of the plaintiff's truck which was coming toward him from the north.

The plaintiff's motion to set the verdict aside raises the question of whether or not the withdrawal and instructions to disregard the unwarranted argument for Bugbee were sufficient to cure the prejudice thereby engendered. This presents an issue of fact for the court below, (*Bruce* v. *Company*, 87 N. H. 462), which has been passed upon adversely to the plaintiff. Under the facts presented by this case we perceive no error of law in the ruling which has been made.

The portion of the argument for the defendant which was allowed to stand, subject to the plaintiff's objection and exception, reads as follows: "Haste makes waste. Issoire [the driver of the plaintiff's truck] was on his way home. Why, Issoire left a place six miles back ten minutes earlier, . . . and you can figure six miles in ten minutes,— . . . supposing it was fifteen minutes; he would still have to average thirty-five to forty miles an hour."

If it could be inferred from the driver's testimony that he drove the distance in ten, or even fifteen minutes, an elementary calculation serves to show that the argument is not warranted by the evidence. To travel six miles in ten minutes requires an average speed of thirty-six, not forty, miles per hour; and to cover the same distance in fifteen minutes calls for an average speed not of thirty-five to forty miles an hour, but of twenty-four miles per hour. The prejudicial nature of this erroneous argument does not require demonstration.

*New trial in the action of*
*J. P. Goddard Co., Inc.* v. *Bugbee.*

*Judgment on the verdict in the action of*
*Bugbee* v. *J. P. Goddard Co., Inc.*

All concurred.