Rockingham, }
June 24, 1937.

PATRICK J. KELLEY *v.* JAMES P. LEE.

DANIEL L. MURPHY *v.* SAME.

JAMES P. LEE *v.* PATRICK J. KELLEY.

CHAUNCY B. HOYT *v.* SAME.

WILLIS M. WALLACE *v.* SAME.

NICHOLAS J. GROUX *v.* SAME.

*Hughes & Burns* and *Charles F. Hartnett* (*Mr. Burns* orally), for Patrick J. Kelley and Daniel L. Murphy.

*Arthur E. Sewall*, for James P. Lee as plaintiff, and for Chauncy B. Hoyt, Willis M. Wallace and Nicholas J. Groux.

*Devine & Tobin (Mr. Devine* orally), for James P. Lee as defendant.

WOODBURY, J. Counsel for Lee as defendant seasonably excepted to the failure of the court to grant the following request for instruction: "You are instructed that you may consider the fact that when an operator of a motor vehicle is confronted with an emergency his sense of judgment in making an immediate decision cannot be expected to approximate that of a normal person under normal circumstances."

The words which the court used in covering the subject-matter of this request are as follows: "Since the standard is always reasonable care under the conditions as they exist, where one of those conditions is a sudden emergency, the law, recognizing human limitations, does not require accuracy of judgment. Thus: 'One who is compelled to choose upon the instant between different avenues of escape from danger is not chargeable with negligence by the law because he adopts the more hazardous course'." The court also said: "A mere error of judgment is not necessarily negligence," and further applying the law to the facts in the case under consideration, "The fact that James P. Lee turned his car to the left of the center of the highway does not make him at fault and render him liable if you gentlemen find that he acted in an emergency and with the judgment of a reasonably prudent man, provided that you find that the emergency under which he acted was not created by Mr. Lee's own prior negligence."

It is familiar law that the trial court is not required to adopt the exact phraseology of a request for instructions even though that request embodies an accurate statement of the law. *Perreault* v. *Company*, 87 N. H. 306, 311 and cases cited. It is unnecessary to consider whether or not the above request states the law correctly. Even though inaccurate, it was sufficient to call "the court's attention to a substantial point of defense, as to which the defendant was entitled to have proper instructions given." *Morrison* v. *Railroad*, 86 N. H. 176, 183; *Peppin* v. *Railroad*, 86 N. H. 395, 401. In our opinion the language employed by the court not only covers the substance of the request, but also states the so-called "emergency rule" and the reasons for its existence more fully, clearly, intelligibly and accurately than the language of the request. It more than sufficiently embodies the subject-matter of the request. This exception is overruled. *Carr* v. *Orrill*, 86 N. H. 226.

The next exception is to the failure of the court to grant the follow-

ing requested instruction: "You are instructed that while the burden of proving contributory negligence is upon the defendant yet the jury is entitled to find contributory negligence if all the evidence would warrant such a finding." The court categorically instructed the jury as to the burden of proof on the issue of contributory negligence. He also told the jury that "the evidence itself comes from the witnesses, such exhibits as have been put in together with the view that was taken," that "verdicts must be established by evidence," that in relation to the issue of speed they might consider "all the evidence and circumstances of the case," and in relation to the issue of damages "verdicts cannot be rendered upon conjecture or guess work, but must be established by evidence and the balance of probabilities." There being nothing in the arguments, so far as reported, or in the charge from which the jury could have acquired the impression that their verdict upon any issue should be based upon only part of the evidence, the instructions given are adequate and in substantial compliance with the request.

The same counsel also excepted to the inclusion in the charge of instructions relative to speed. His contention is that there was no evidence from which excessive speed on the part of either driver could be found and that in consequence it was error to submit this issue to the jury.

While it is true that the accident occurred during daylight hours upon a clear day on a straight and level section of highway and not in a thickly settled district, and while it is also true that there was no evidence that either driver was proceeding at a speed in excess of thirty-five miles per hour, it does not follow that the issue of excessive speed was not raised.

The statute relative to the speed at which motor vehicles may legally be operated upon the highways of this state, (Laws 1927, c. 76, s. 2) does not brand as illegal speeds in excess of definitely established rates. Illegal speeds are such as are "greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing," and, further, it is illegal for any person to "drive any vehicle upon a highway at such a speed as to endanger the life, limb or property of any person." The statute then goes on to provide, under the heading "Evidence," that, with reference to certain specified conditions, speeds not exceeding designated rates shall be *prima facie* lawful, and that speeds in excess of those rates shall be *prima facie* unlawful. This *prima facie* evidence of illegal speed might, under certain circum-

stances be rebutted, and if it should be, speeds even in excess of the rate prescribed could be found to be "reasonable and proper" and hence legal. The converse of this proposition is also true. The jury, considering "other conditions then existing," might find that speeds within the designated rate were not "reasonable and proper" and so illegal under the statute.

In the case at bar each driver testified that as the other car approached him it was proceeding in the center of the highway, and in addition Lee testified that he thought that Kelley was preparing to turn to his left across the highway to enter an intersecting private road. From this reasonable men might conclude that either or both drivers, as they approached one another, were driving at speeds which were neither reasonable nor proper, and this in spite of the fact that neither was driving over thirty-five miles per hour. The issue of excessive speed was properly submitted to the jury.

Several exceptions were taken by counsel for Lee and his passengers to portions of the argument of opposing counsel on the ground that it was not supported by the evidence. To recapitulate in detail the argument and the evidence would result in expanding this opinion out of all proportion to the importance of the questions involved. It suffices to say that a careful scrutiny of the record indicates that each statement excepted to was supported by either the evidence or by inferences which might logically be drawn therefrom.

During the course of the argument the following took place: *Mr. Burns,* (*arguendo*) "They're capable counsel, Mr. Foreman and gentlemen, they had the witnesses that were available with the resources at their command, they could have brought the whole town of New Durham into this court room if they thought it would be of any help to them in the preparation and trial of this case. Where are the witnesses up there? We brought them in here. They explained the position of the cars and he explained the marks." *Mr. Sewall:* "May I have exception to statement of any resources of these plaintiffs, what they could or could not have brought in?" *Court:* "I think that should be withdrawn, Mr. Burns." *Mr. Burns:* "I say, Mr. Foreman and gentlemen, if they have enough resources to go up to Plymouth to bring down Mrs. Nourse to testify about giving Pat Kelly some pills back in 1934, they have resources to bring in the witnesses in New Durham if they thought they would be any good to them, if Court please." *Mr. Devine:* Objection and exception, if the Court allows exception—. *Mr. Burns:* "Withdraw it. Disregard it, gentlemen." *Mr. Devine:* "I move for a mistrial."

*Court:* "The remarks about the resources is withdrawn and I instruct you to forget it, strike it from your minds absolutely, pay no attention to it." *Mr. Devine:* "Now, if the Court please, move for a mistrial." "*Court:* Allow exception. Motion is denied."

Excepting counsel now contend that the above argument referred, not to the resources of Mr. Lee or his passengers, but to the resources of their counsel, and that it was tantamount to a statement to the jury that their clients' liability was covered by a policy of insurance. These grounds for the exception were not stated to the court below and are not now available (*State* v. *Ketchen*, 80 N. H. 112), but even if they were, we fail to see how the jury could have acquired the impression that the resources of counsel were referred to when the exception itself referred to "any resources of these plaintiffs."

The court's denial of the motion for a mistrial and his subsequent denial of the motion to set the verdicts aside embody the finding that the offending remarks were fully and fairly withdrawn and did not motivate the jury in arriving at their verdict. The only question before us is whether or not the remarks were either so damaging or so inadequately withdrawn that the court's finding of fact that no prejudice resulted therefrom cannot be sustained. *Goddard Co.* v. *Bugbee, ante,* 34; *Bruce* v. *Company,* 87 N. H. 462. The question of the propriety of arguments of the sort here involved, when there is "no appeal for a verdict upon the ground of the plaintiff's poverty or the defendant's large resources," has been decided in this state adversely to excepting counsel. *Laird* v. *Railroad,* 80 N. H. 377, 380, and cases cited.

*Judgments on the verdicts.*

All concurred.